Brzezinski vs. Neeves and others.

Brzezinski, Respondent, vs. Neeves and others, Appellants.

*May 25 — June 19, 1896.*

*Liens: Waiver: Contract construed.*

In a contract for the grading of lands, a waiver by the contractor of
all right to a lien thereon, such waiver being expressly stated to
be the essence of the contract and a part of the consideration for
entering into the same by the owners of the lands, is *held* an inde-
pendent covenant, not affected by the failure of such owners to
pay a certain percentage of the contract price, upon monthly esti-
mates, as provided in the contract.

APPEAL from a judgment of the superior court of Milwau-
kee county: R. N. AUSTIN, Judge. *Affirmed in part; re-
versed in part.* ·

This is an action to foreclose a mechanic's lien upon cer-
tain lands for grading. The grading was done by the
plaintiff under a written contract executed by him and by
the defendants *Neeves,* by which the plaintiff agreed to
grade a certain subdivision of land owned by said defendants,
under direction of an engineer, and said defendants agreed
to pay therefor a certain sum per cubic yard, eighty-five per
cent. of which was to be paid on monthly estimates, and the
balance when the whole work was completed. Said contract
also contained the following provision: "It is further agreed
that the said party of the first part hereby waives all right
of lien upon the premises which he may have by virtue of
the statutes of the state of Wisconsin, and that all persons
employed by him to work upon said premises shall sign,
execute, and deliver a release and waiver of all liens which
they may be entitled to under the statutes of this state, and
that the waiver of liens hereto attached, and made a part ·
hereof, shall be signed and executed by all persons employed
by the party of the first part under this contract; the waiver
of such liens being the essence of this contract and a part

of the consideration for entering into the same by the parties of the second part."

The defendants did not appear upon the trial. It appeared by the evidence that the balance due the plaintiff for grading was $1,617.10, and the court found that the payment of the eighty-five per cent. was the only consideration for the plaintiff's agreement to waive his lien, and that, such payment not having been made, the plaintiff was still entitled to a lien; and judgment was ordered and rendered against the defendants *Neeves*, personally, for the amount due, and the same was adjudged a lien upon the real estate graded. From this judgment the defendants appealed.

For the appellants the cause was submitted on the brief of *Lindley Collins*.

For the respondent there was a brief by *Nath. Pereles & Sons*, and oral argument by *Guy D. Goff*.

WINSLOW, J. So much of the judgment as provides for a lien against the real estate graded must be reversed. That the right to a lien may be waived by agreement made at the time of entering into the contract is unquestionable. Jones, Liens (2d ed.), § 1500. In the present case the waiver was clearly an independent covenant, and not dependent upon any other contingency, and it must be held binding.

*By the Court.*— That part of the judgment which adjudges a personal recovery against the defendants *George A.* and *W. B. Neeves* is affirmed, and the remaining part of the judgment is reversed. No costs are awarded, but the respondent shall pay the fees of the clerk of this court.