## McCABE v. RAPID TRANSIT SUBWAY CONST. CO. et al.

(Circuit Court, S. D. New York. January 2, 1904.)

**1. MATERIALMAN'S LIEN—SUBCONTRACTOR—WAIVER.**

A contractor with the city of New York for the construction of portions of the subway of the Rapid Transit Railroad assigned the money to come to him to a construction company, the agreement providing that the company should pay out of the same all amounts due to subcontractors, and that the subcontractor therefore waived any right to file a lien against any money which might become due from the city, and agreed to look to such moneys for payment as were in the hands of the construction company. The contract between the contractor and a subcontractor provided that the latter should become entitled to payment upon written vouchers certified by the chief engineer of the construction company. *Held*, that the refusal of the engineer to make the required certificate when the subcontractor became entitled to it did not entitle the subcontractor to avoid the waiver of his statutory lien.

**2. SAME—EQUITABLE REMEDY—ADEQUATE REMEDY AT LAW.**

A contractor with New York City for the construction of portion of the subway of the Rapid Transit Railroad assigned the money to become due to him from the city to a construction company under an agreement by which the construction company agreed to pay out of such moneys all amounts due to subcontractors, and which provided that a subcontractor waived any right to file a lien against any money to become due from the city, but agreed to look to the money in the hands of the construction company for payment. *Held*, that such a subcontractor had an adequate remedy at law by way of action against the contractor and the construction company, either jointly or severally, as the contract might be construed, and therefore could not maintain a suit for equitable relief.

**8. SAME.**

A contract between a contractor and the city of New York for the construction of portions of the subway of the Rapid Transit Railroad provided that, if any lien had been filed against the contractor or railroad against the amount payable under the contract, an amount reasonably sufficient to pay and discharge such lien and to pay the costs of foreclosure should be retained by the comptroller until the lien was discharged or secured; and that, if the lien should be foreclosed, the

127 F.—30

comptroller might pay the amount found due to the person entitled, such payment to be deemed a payment to the contractor, etc. A subcontractor waived his right to a statutory lien. *Held*, that the above provision gave the subcontractor no right of action against the city either at law or in equity.

In Equity.

Geo. W. Wickersham, for the demurrer.
L. Laflin Kellogg, opposed.

WALLACE, Circuit Judge.  The defendant has demurred to the bill of complaint for want of equity.  The bill is filed to foreclose a mechanic's lien for work and materials furnished for the construction of the Rapid Transit Railroad in the city of New York, the complainant being a subcontractor with McDonald to build portions of the work which McDonald had contracted with the city of New York to construct.  McDonald's contract with the city of New York was entered into February 21, 1900, and on the same day McDonald entered into an agreement with the Rapid Transit Subway Construction Company by which he assigned to that company all moneys to come due to him from the city of New York from time to time under the principal contract, and the construction company agreed to pay out of the moneys so received by it, so far as the same might be sufficient for such purposes, all amounts which should become payable from the contractor to subcontractors for work and materials furnished.  That agreement contained this provision:

"The subcontractor therefore hereby waives any right at any time to file a lien against any moneys which may at any time be or become due from the said city of New York under the principal contract and agrees to look to such moneys in the hands of the Rapid Transit Subway Construction Company for payment of the sum to become due and payable under this contract."

The bill alleges that this agreement was entered into between McDonald and the construction company for the benefit of the subcontractors with McDonald, including the complainant, and that the construction company and McDonald thereby became jointly liable for the value of all work and materials furnished.  In the contract between the complainant and McDonald it was provided that the subcontractor should become entitled to payment "upon written vouchers certified by the chief engineer of the Rapid Transit Subway Construction Company for the work and materials furnished as the work progresses"; and the complainant alleged that he furnished a large amount of work and materials, as called for by the contract, and that the chief engineer of the construction company has unreasonably refused to make the certificate to which complainant is entitled.  The complainant also alleges that the defendant the city of New York is retaining a sum more than sufficient to pay the demand of the complainant out of the moneys payable under its contract with McDonald, under a provision of its contract with McDonald which reads as follows:

"If at the time of such requisition any liens shall have been filed against the contractor on the railroad against the amount payable to the contractor under the provisions of this contract for work or materials furnished to the

contractor in or about the construction, an amount reasonably sufficient to pay and discharge such lien and to pay the costs of foreclosure thereof shall be retained by the comptroller from the amount which would be otherwise payable to the contractor on such requisition, until the said lien shall be discharged or secured as provided by law. If such lien shall be foreclosed according to law then the comptroller may pay the said amount found due upon such lien by the judgment in the foreclosure action to the person entitled thereto, and such payment shall be deemed a payment hereunder to the contractor. If the sum so retained shall not be sufficient to discharge the lien so foreclosed, the deficiency shall be retained by the comptroller out of the next moneys coming due to the contractor."

It seems plain that the complainant has no statutory lien. It is conceded in his behalf that he would have lost the right to a statutory lien because of his agreement to waive it and look exclusively to the moneys in the hands of the construction company, had it not been for the breach of the implied promise in his contract with McDonald that the engineer of the construction company should make the certificate when complainant was entitled to it. Treating the refusal of the engineer as a breach of the contract, it was the breach of an independent condition, and, if the covenant waiving the lien had been a part of that contract, it would nevertheless remain obligatory. Brzezinski v. Neeves, 93 Wis. 567, 67 N. W. 1125; Long v. Caffrey, 93 Pa. 526. The condition was, however, embodied in a different contract, one made with the construction company. Its object was to prevent the moneys being tied up by liens which should from time to time become payable from the city to McDonald and accrue to the construction company under his assignment to that company. It would subvert this object to construe the condition as intended to be dependent upon McDonald's compliance with the terms of his contract with a subcontractor. The complainant cannot assert his lien as a basis for equitable relief.

The ingenious argument for the complainant suggesting his right to equitable relief on other grounds has been fully considered, but is not convincing. He has no remedy in equity if his remedy at law is adequate. If, as the bill alleges, the construction company and McDonald are jointly liable to him under the contracts of February 21, 1900, he can maintain an action at law against both. If they are not jointly liable, but are severally, he can pursue each severally at law. In either case he can obtain full and complete redress against them without resorting to a court of equity.

He has no cause of action against the city of New York which is enforceable either at law or in equity. The condition in the agreement between the city and McDonald whereby the city was authorized to retain moneys sufficient to satisfy the claims of third persons for work and materials furnished is solely for the benefit of the immediate parties to it, and moreover it contemplates that the city shall hold such moneys for the benefit of McDonald until there has been a statutory foreclosure of the liens of adverse claimants. The complainant cannot enforce it in either jurisdiction. Austin v. Seligman (C. C.) 18 Fed. 522; Welden National Bank v. Smith, 86 Fed. 398, 30 C. C. A. 133, 137.

The demurrer is sustained, with costs.