SHACKLETON et al. v. BAGGALEY et al.

(Circuit Court of Appeals, Ninth Circuit. May 10, 1909.)

No. 1,674.

1. EQUITY (§ 145*)—BILL—DOUBLE ASPECT.
   A bill may be originally framed with a double aspect, so as to be of that character if the alternative case stated is the foundation for the same relief.

   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 339; Dec. Dig. § 145.*]

2. EQUITY (§ 152*)—PLEADING—EXHIBITS—EFFECT.
   Complainants alleged that they were employed to provide materials and labor to construct a smelter, the reasonable value of the work performed and materials furnished, but referred to a notice of a mechanic's lien and a written contract under which the work was done, which were attached to the bill as exhibits, which contract contained an express waiver of a right to a lien. *Held*, that the written contract so made a part of the bill controlled the allegations thereof, and hence the cause of suit stated was not a quantum meruit but an express contract.

   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 385; Dec. Dig. § 152.*]

3. ESTOPPEL (§ 92*)—EQUITABLE ESTOPPEL—ACCEPTANCE OF BENEFITS—CONTRACTS.
   Where complainants, who had agreed to construct a smelter under an express contract by which they had waived their right to a lien, claimed that the contract had been rendered void by defendant's fraud, but there was nothing to show when the fraud was discovered and that it had not been waived by the notice of lien, which was an express affirmation of the contract, claimants could not claim that they were absolved from the contract waiver of lien and at the same time sue in equity on the contract and notice of lien to foreclose the same.

   [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 261; Dec. Dig. § 92.*]

Appeal from the Circuit Court of the United States for the District of Montana.

R. L. Clinton, for appellants.

J. Bruce Kremer, L. P. Sanders, and Alf. C. Kremer, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellants filed a bill in the court below to foreclose a mechanic's lien. The bill in form states two causes of suit, both, however, arising out of one transaction, and there is but one prayer for relief. In the first cause of suit, it is alleged that on April 9, 1903, the appellants, as original contractors, entered into a contract with the appellees for the construction of a smelting plant, a water tank, and boiler stacks; that the contract was performed; that the contract price was $95,500; that the appellants furnished extras at the instance of the appellees in constructing said smelting plant, which were necessarily used therein, to the total amount of $12,818.17; that there has been paid on account of said contract and extras $91,-102.87, leaving a balance due of $17,215.31; that on January 14, 1904,

the appellants recorded their notice and claim of lien against said property, a copy of which is made an exhibit to the bill, as is also a copy of the contract. The bill proceeds to allege that, while appellants were performing the contract, the appellee Baggaley fraudulently caused certain material alterations in the plans and specifications to be made clandestinely, which plans and specifications he retained in his possession, whereby there was added to the structure a dormer extension at a cost to the appellants of $250, and an additional height of eight inches to the concrete foundation of the building at a cost of $1,000; that Baggaley refused to permit the appellants to inspect or to have the possession of the plans and specifications; and that by reason of said fraudulent alterations of the plans and specifications so made without the knowledge or consent of the appellants, the contract was rendered wholly void, and the appellants were wholly discharged from all obligations arising therefrom. For the second cause of suit it is alleged that about April 9, 1903, the appellants were employed by the appellees to provide material and perform the work of construction of a smelter, etc.; that they did furnish said material and perform said work, according to plans and specifications furnished by the appellees, and furnished extra material and work which went into the construction thereof; that the reasonable value of said work and material is $108,318.97, on which there has been paid $91,-102.87, leaving a balance of $17,215.31 still due the appellants; that within 90 days after the completion of said buildings, to wit, on January 14, 1904, the appellants duly recorded a notice of lien for their said material so furnished and work so performed, a copy of which notice is made an exhibit to the bill. The bill also makes an exhibit of the contract of April 9, 1903, and sets forth the same allegations of alterations of the plans and specifications as are set forth in the first cause of suit, and alleges that thereby the contract was rendered void. A demurrer was interposed to the bill: First, for want of jurisdiction of the cause of suit; second, because it appears upon the face of the bill and the contract that the appellees were not entitled to institute the suit; and, third, for want of equity. The demurrer was sustained on the ground that by the terms of the contract, the appellants had expressly stipulated to waive a lien on the property. The appellants declining to amend, the bill was dismissed.

It is the contention of the appellants that the bill is framed with a double aspect, upon one of which, at least, they are entitled to the relief which is prayed for. In Shields v. Barrow, 17 How. 144, 15 L. Ed. 158, it is said:

"A bill may be originally framed with a double aspect, or may be so amended as to be of that character, but the alternative case stated therein must be the foundation for precisely the same relief."

But, although the bill in this case is in form ostensibly framed with a double aspect, it in fact presents but one cause of suit, a suit in equity to foreclose a mechanic's lien based upon a written contract. The appellants contend that, while in one cause of suit they seek to foreclose a lien based upon an express contract, in the other they seek to foreclose a lien based upon a quantum meruit; but upon an ex-

amination of the bill it will be seen that this is not so, and that no cause of suit is stated upon a quantum meruit. It is true that in the second cause of suit the appellants attempt to say that they were employed to provide the materials and to do the work for the construction of a smelter, and that they allege the reasonable value of the work which they performed; but they make exhibits of the notice of lien, and the written contract under which the work was done. The written contract so made a part of the pleading controls and interprets the allegations of the complaint, and it shows that the cause of suit was not upon a quantum meruit, but upon an express agreement, so that in substance both causes of suit are the same. They are both brought upon the contract, and yet in both it is alleged that the contract was rendered void by the fraud of the appellees. It is not shown when this alleged fraud was discovered. For all that appears to the contrary, it may have been known before the work was alleged to be fraudulently interpolated was done. If so, the alterations were assented to by the notice of lien, for the notice is an express affirmation of the contract. How can the appellants enforce a mechanic's lien for work and services performed under a contract and under a notice of lien which was filed under the contract, and at the same time allege that the contract was void? They deny that it is the purpose of the suit to rescind the contract. They admit that they entered into an agreement to waive a mechanic's lien. The evident purpose of alleging that the contract is void is to obviate the effect of that agreement. The argument is that the fraud practiced by the appellees, no matter when it was discovered, absolves the appellants from their obligation to file no lien, but leaves the contract intact in other respects. The proposition cannot be sustained. If the allegations of fraud are true, the appellants were thereby defrauded in the sum of $1,250. For this they had their remedy by an action for damages. They cannot, in a suit brought in equity to foreclose a mechanic's lien under a contract and a notice of lien affirming the contract, allege that, by reason of fraud discovered, we know not when, the contract or any part of it was rendered null and void. Long v. Caffrey, 93 Pa. 526; Brezenski v. Neeves, 93 Wis. 567, 67 N. W. 1125; Pressed Brick Co. v. Barr, 76 Mo. App. 380; Pinning v. Skipper, 71 Md. 347, 18 Atl. 659. In the case last cited, the court said:

"If a party expressly contracts that he will not do a certain thing, or will not set up a certain claim against the other contracting party or his property, by resort to a certain process, it seems to us a legal anomaly to say that he can go on and do the thing, or avail himself of the forbidden process because he has a grievance against such other party on some other ground, or a claim which he can enforce against him by a different suit or process."

The decree is affirmed.