## CORA A. BEGOLE v. CHARLES E. HERSHEY.

*Equity—Bill to quiet title—Interest in subject-matter.*

Complainant filed a bill to remove a cloud from her title to certain land, which she afterwards conveyed by warranty deed, the grantee retaining $50 of the purchase price, to be paid when complainant cleared the title. The defendant answered upon the merits after the deed was recorded, and no question was raised as to the right of complainant to prosecute the suit after such conveyance until the hearing, upon which the right of complainant to the relief sought plainly appeared, and a decree was made accordingly; in affirming which it is held that the complainant had not parted with her whole interest in the subject-matter of the suit, and that, the defense being entirely technical, equity is best subserved by such affirmance.

Appeal from Shiawassee. (Newton, J.) Argued May 6, 1891. Decided May 15, 1891.

Bill to remove cloud from title. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Davis & Nichols,* for complainant.

*Watson & Chapman,* for defendant, contended:

1. Complainant put herself out of court by parting with her title to the premises which form the subject-matter of the suit, and defendant had a right to object that the party in interest was not before the court; citing *Wallace v. Dunning,* Walk. Ch. 416, and cases cited; *Webster v. Hitchcock,* 11 Mich. 56; *Cooper v. Bigly,* 13 Id. 478, 479; *Perkins v. Perkins,* 16 Id. 167; *Brewer v. Dodge,* 28 Id. 360; and such disability need not be brought to the notice of the court by plea.

MORSE, J. The only defense relied upon in this Court to the claim of complainant for relief is that since the commencement of this suit, and before the hearing in the court below, she had conveyed the premises by warranty

deed to a third person, and that thereby the suit was abated as far as she was concerned; that, having no further interest in the land which formed the subject-matter of the suit, she could proceed no further, although her assignee might by a proper showing file a bill in the nature of a supplemental bill to set up the change of title, and to obtain the same relief which could have been had under the original bill.

The bill was filed to remove a cloud from the title to certain premises described in the bill of which complainant, at the time of filing such bill, was the owner and in possession. The court below granted her the relief prayed for, and upon the merits her right to such relief was plain and indisputable. The circuit judge held that, upon the evidence, she had not parted *with all her interest* in the subject-matter of the suit; that the evidence—

"Cogently shows that the defendant had no claim or interest in the land, either legal or equitable; and that his claim is baseless. To turn her out of court, and pay costs of suit, and compel her to file a new bill against her vendor and defendant to recover the unpaid purchase money, in equity, seems repugnant to justice. I am of opinion that complainant had left in her sufficient interest in the subject-matter of the suit to entitle her to relief as prayed."

We agree with the learned circuit judge. It appears from the testimony that during the pendency of this suit, and before the hearing, the complainant deeded the premises to one George Sprinkle. The bill was filed February 26, 1890. The deed to Sprinkle was made March 1, 1890, and recorded March 4, 1890. After the recording of such deed the defendant answered upon the merits. The question as to the want of interest in the complainant was not raised in any way or brought to the attention of the court until upon the hearing, when it

was shown by the proofs. The complainant sold the land for $1,300, but received only $1,250, $50 being retained, and not to be paid to her until "she cleared the title."

Under the circumstances, we think that the cases cited by defendant's counsel do not apply. Complainant has not parted with her whole interest in the subject-matter of the suit. She is still interested in it, and inasmuch as this matter of defense, which is entirely technical, was not raised by plea or brought to the notice of the court until it appeared in proof upon the hearing, equity will be best subserved by the affirmance of the decree. The defendant, having no rights in the premises, loses nothing by this action. In fact, further cost and expense may be saved to him, unless he should do what he ought to have done in the first place, to wit, remove the cloud by his own voluntary release, as we should not grant him costs in case of the dismissal of complainant's bill for the reason here urged by him.

The decree is affirmed, with costs.

The other Justices concurred.