ANNA P. STYER v. ARA D. SPRAGUE and Others.[1]

January 14, 1896.

Nos. 9715—(217).

**Action to Remove Cloud—Who may Maintain.**

A grantor who has conveyed real property by warranty deed, with full covenants, and has delivered possession to the grantee, under an agreement with him that a part of the purchase money shall be deposited in the hands of a third person, not to be paid over until a cloud upon the title is removed, has sufficient interest in the subject-matter and in the land to maintain a bill in equity to remove the cloud, and to quiet the title.

**Findings Sustained.**

Held, that all of the findings of fact necessary and material to support the conclusions of law in this case are supported by the evidence.

**Rulings Considered.**

Certain rulings made while receiving the testimony considered and disposed of.

[1] Reported in 65 N. W. 659.

Appeal by defendant Sprague from an order of the district court for Houston county, Whytock, J., denying a motion for a new trial. Affirmed.

The action was originally brought against Ara D. Sprague as sole defendant. Afterwards an order was made granting plaintiff leave to amend the complaint and making Mary Weibke and Henry Weibke, her husband, Peter Styer, Joseph Vossen, Mathias Simon and Catherine Simon, his wife, parties defendant.

*E. H. Smalley*, for appellant.

*C. S. Trask* and *Gray & Thompson*, for plaintiff respondent.

COLLINS, J. This was an equitable action, brought originally against the defendant Sprague, to remove a cloud upon title. Subsequently the other defendants were brought in upon motion of plaintiff, as parties necessary to a proper and complete decree.

In October, 1889, the title to the land described in the complaint was in plaintiff's husband, Peter Styer. It was then mortgaged to plaintiff's brother-in-law, defendant Mathias Simon, and soon after was conveyed to him, by warranty deed, in alleged satisfaction of the mortgage debt. May 1, following, it was conveyed by Simon and his wife to the plaintiff, and on July 10 defendant caused it to be attached as the property of Peter Styer, in an action for the recovery of money, in which judgment was duly entered against Styer on August 5. The plaintiff sold the land to defendant Mary Weibke, on July 15, and conveyed the same to her by warranty deed, with full covenants, upon the same day. The sum agreed to be paid for the land by Mrs. Weibke was $1,500, of which $1,000 was paid down, and the balance of $500 was deposited, by mutual consent of the parties to the deed, in the hands of defendant Vossen, to be paid to plaintiff when the alleged cloud upon the title, caused by the recording of a certified copy of the writ of attachment, with the sheriff's return thereon, in the office of the register of deeds, was removed.

In the amended complaint, filed when the additional defendants were brought into the case, it was alleged that, as a part of the agreement whereby $500 of the purchase price was deposited with defendant Vossen, Mrs. Weibke agreed to bring an action in her·own name against Sprague to quiet her title; that she was im-

mediately given possession of the land; and that she has since refused to bring the action. In its fifth finding of fact, these allegations were found to be true by the court, and, on all of its findings, judgment was ordered, setting aside and canceling the attachment and the record of the same, and against defendant Vossen for the $500 before mentioned, as demanded in the amended complaint. This appeal, taken by defendant Sprague only, is from an order denying his motion for a new trial.

1. We have thoroughly examined the evidence produced upon the trial, and, while there were some peculiar circumstances surrounding the various conveyances through which plaintiff obtained title to the land in question, we are unable to say that the findings to the effect that the mortgage made by Peter Styer and his wife to defendant Simon on December 24, 1889, was given to secure a bona fide pre-existing debt for the sum of $1,200, due from Styer to said Simon, were not supported by the proofs, or that the subsequent conveyance of the land to the latter, in payment and satisfaction of the mortgage debt, was not in good faith, or that, with her own separate funds, the plaintiff did not thereafter purchase the premises from Simon, paying him full value for the same.

The testimony as to the existence of an indebtedness in the sum of about $1,200 on the part of Peter Styer, due to Simon when the mortgage was made, and to secure which it was given, was full and explicit. The manner in which it was incurred was gone into in detail, and as to a part of it, at least, witnesses could have been called to contradict, if it had been false. Nothing of this kind was done, and the untruthfulness of the statements was really left to be inferred from the fact that Simon was in moderate circumstances only, and a brother-in-law of this plaintiff. And it also appeared from the testimony that when defendant Sprague took a mortgage to secure the note on which the attachment proceeding against Peter Styer was based, October 29, 1889 (to which mortgage reference will be made hereinafter), he was informed of the indebtedness to Simon, and that it had already been secured by a mortgage on the land. The court found that, when the deed was made in payment and satisfaction of the mortgage debt, the value of the land did not exceed $1,200, which was the amount of

said debt. This finding was based upon uncontradicted testimony, and the only thing urged by counsel as tending to impeach it is the fact that, later on, the land was sold to Mrs. Weibke for $1,500. Even if this fact could be given any importance, it was shown that the sale to Mrs. Weibke included a crop nearly matured, which had been planted on the land after plaintiff purchased from Simon. As to the contention of counsel that the third finding, which was that the purchase price of the premises was. paid by plaintiff out of her own funds, and that no part was paid out of the estate or funds of Peter Styer, was wholly unsupported, it may be said that any other finding would have been opposed to the testimony, which was clear and entirely worthy of credit. We cannot disturb any of the material findings of fact made by the trial court.

2. The first question of law of any importance goes to the right of plaintiff to maintain this action, and the question is affected by the fact that we find no evidence to support a portion of the fifth finding, before referred to,—in substance, that Mrs. Weibke agreed to bring an action in her own name to quiet title, or that she had refused so to do..

Nothing in the record before us justified these portions of the fifth finding, and if they were necessary to sustain plaintiff's cause of action, or material in determining her right to maintain it, or to support the conclusions of law, a new trial would have to be ordered. But, striking out of the finding the parts in question, we have a case where plaintiff has conveyed a tract of land to which she has title, by warranty deed, with full covenants, and, because of a prior attachment of the same by another party, has agreed with her grantee that $500 of the purchase money shall be deposited with a third person, not to be paid over until the title is quieted and the cloud caused by the record of the attachment removed by an action. She is without any remedy, and is unable to obtain the money deposited, unless an equitable action may be maintained in which the relief required may be had. There is no other course open for her, and, on the plainest principles of equity, she is entitled to maintain the suit in question.

We are aware that it has been held in some jurisdictions that one who had conveyed real property by deed of warranty, with

63 M.—27

full covenants, upon which his liability stood admitted, had not sufficient interest in the property to support an action to quiet title, and could not maintain such an action; but these cases have not always been followed. See Pier v. Fond du Lac Co., 53 Wis. 421, 10 N. W. 686, and cases cited; City of Hartford v. Chipman, 21 Conn. 488. It is easy to see that strict adherence to this doctrine would often lead to gross injustice. Whatever the rule might be where the right to bring the action depended solely upon the fact that the plaintiff was liable upon full covenants contained in a previously executed warranty deed, we are of the opinion that where, in addition to the execution and delivery of such a deed, the grantee taking possession, it has been stipulated between the latter and the grantor that a portion of the consideration shall remain in the hands of a third party until the title is quieted and the cloud removed, the grantor retains sufficient interest in the subject-matter and in the land to enable him to maintain a bill in equity for necessary and adequate relief. See Begole v. Hershey, 86 Mich. 130, 48 N. W. 790. The grantor in such a case is not only bound by his covenants of warranty, but has an interest in the subject-matter and in the premises sufficient for all practical purposes when his action is brought.

3. It is urged that in its rulings as to the admissibility of testimony the trial court repeatedly erred. The rulings referred to as erroneous relate particularly to the secondary evidence of the contents of certain letters, and as to what was said between plaintiff, her husband, defendant Sprague, and the sheriff when the latter seized the merchandise covered by a mortgage to Sprague, already mentioned, as given in October, 1889, to secure the note upon which his attachment suit was founded.

We are clearly of the opinion that the trial court ruled correctly as to the contents of the letters. It was shown beyond doubt that the letters had been destroyed, and, even if this was not so, evidence of their contents was of little consequence, and could not have influenced the court when making its finding as to the good faith of the transaction in which Simon obtained the deed from Mr. and Mrs. Styer.

A more serious question arises from an examination of the rulings whereby the plaintiff's counsel was allowed to prove certain

conversations between parties heretofore mentioned after the attachment of the goods on which defendant Sprague had a mortgage. If the latter was prejudiced by this evidence, it was because of its tendency to show that Sprague's claim was secured originally, and could and should have been collected out of the security. That a chattel mortgage securing Sprague had been executed by Styer five days after he had mortgaged the land to Simon was proven by counsel for appellant. It was shown to have been given upon a stock of merchandise in Styer's store. No objection was offered to proof of the circumstances under which, and the purposes for which, it was executed and delivered to the mortgagee, Sprague; nor were there any objections to testimony which tended to prove that, shortly after its execution, the mortgaged property was seized by the sheriff in attachment proceedings brought by Styer's general creditors. From this testimony it appeared that Sprague had security for the payment of his note; that it was taken upon merchandise owned by his debtor, and was prior to any attachment made in behalf of other creditors; that, as a mortgagee, Sprague had a first lien upon the attached property, and was entitled to be first paid out of the same; and that for some reason, not disclosed, he failed to collect his money, all of the goods being appropriated by the attaching creditors. Technically speaking, much of the testimony objected to should have been excluded, for it simply added to much that was useless, already in. But there was little or nothing which was not inferable from the facts above mentioned, already established. While the methods of the counsel in piling up useless proofs, and the rulings of the court which allowed it to be done, are not fully indorsed, we feel warranted in saying that the appellant was not prejudiced by the course pursued.

Nor was he prejudiced by the ruling referred to in the tenth assignment of error, even if we assume that the witness answered the objectionable part of the question, and this is not at all clear from his reply.

The evidence to which the seventh assignment of error was directed was entirely competent. It tended to account for money which at one time had been in the hands of Peter Styer, and to show that large sums had been expended by him in an effort to

regain his health, and that this part of his estate had not gone into plaintiff's possession, and been used by her in purchasing the land in question, as claimed by counsel for defendant Sprague.

Order affirmed.

CANTY, J. I concur in the foregoing opinion, except that I place the plaintiff's right to bring the action on the ground that it is in the nature of an action in equity for specific performance to compel the completion of a partly-completed sale of real estate, and that the plaintiff has no other adequate remedy, and perhaps no other remedy at all.