D. L. Sutliff *et al.* v. John H. Smith.

No. 10226.

Action to Quiet Title — *maintainable by vendor out of possession, where vendee in possession will not permit it brought in his name though withholding purchase money till title perfected.* While the general rule is that, in order to maintain an action to quiet the title to land, the plaintiff must either be in possession or have the legal title to the land, where it appears that the plaintiff has sold to one of the defendants, who withholds a large part of the purchase money until the title to the land is perfected, and the plaintiff is bound by contract to so perfect the title, and where it further appears that such defendant refuses to allow an action for that purpose to be brought in his name, the vendor may bring an action against the vendee and the persons claiming the adverse title or interest, for the purpose of perfecting the title in accordance with his agreement.

Error from Woodson District Court. Hon. L. Stillwell, Judge. Opinion filed October 9, 1897. *Affirmed.*

*G. R. Stephenson* and *W. E. Hogueland,* for plaintiffs in error.

*Smith & Jones* and *S. S. Kirkpatrick,* for defendant in error.

Allen, J. John H. Smith, who owned certain lands in Woodson County, a part of which he held by virtue of a tax deed, traded the property to Jacob Trembly for a piece of land in Johnson County and a mortgage, for four thousand dollars, covering the difference in value between the tracts of land exchanged and also $350 of money loaned by Smith to Trembly. At the time the exchange was made it was agreed that Smith should perfect the title as against Asa G. Sutliff, who held the original title to the land. To insure the performance of this agreement on the part of Smith, the following clause was inserted in the mortgage : '' The conditions of indenture are such that

if the said John H. Smith fails to perfect title to said land it shall be null and void, otherwise to remain in full force and effect." Smith failed in obtaining deeds from the heirs of Sutliff conveying whatever title had passed to them. He then applied to Trembly for leave to prosecute an action in his name to quiet the title. This Trembly refused to permit. Smith then instituted this action, making Trembly and the heirs of Sutliff parties defendant and alleging that Trembly was made a defendant for the reason that he refused to join as plaintiff. To the petition, which stated the foregoing facts, separate demurrers were filed by Trembly and the heirs of Sutliff. A demurrer was also filed to the evidence of the plaintiff, which tended to support the essential facts stated in the petition. All these demurrers were overruled; and judgment was entered in favor of Trembly, quieting his title as against the heirs of Sutliff. Trembly and Sutliff's heirs now join in a petition in error to reverse this judgment.

The principal contention on behalf of the plaintiffs in error is, that Smith, having parted with his title to, and possession of, the land at the time he closed the trade with Trembly, has no standing in court to maintain an action to quiet the title thereto. It is said that this action cannot be maintained under section 594 of the Code of Civil Procedure, because the plaintiff was not in possession of the land when he brought suit. The correctness of this contention must be conceded. It is then urged that this action cannot be maintained independently of the statute, because one of the rules governing equitable actions to determine adverse interests in real property requires that the plaintiff, in order to maintain his action, must have the legal title to the property, and that in this case he had parted with it to the defendant Trembly. In

support of this contention, decisions of this court are cited. The first case is that of *Wood v. M. K. & T. Rly. Co.* (11 Kan. 324), which merely holds that a purchaser occupying government land cannot maintain an action to quiet his possession against any person. In the case of *Cartwright v. McFadden* (24 Kan. 662), the petition was held to state a cause of action under the statute. The case of *Wood v. Nicolson* (43 Kan. 461) is more nearly in point. In the third clause of the syllabus it is stated that, "before an action to quiet title to real estate can be maintained, the plaintiff must have either the actual possession thereof or the legal title." In support of the proposition, the cases of *Eaton v. Giles* (5 Kan. 24), *O'Brien v. Creitz* (10 id. 202) and *Douglass v. Nuzum* (16 id. 515) are cited. Without doubt this is the general rule. The action, however, is an equitable one, and the rule will not be so applied by a court of equity as to aid in perpetrating a wrong. The purpose of Trembly appears to be to prevent Smith from complying with his contract, and thereby, under the provision quoted, force the forfeiture of the money secured by the mortgage. It is apparent that if he sought nothing more than his rights under the contract with Smith, Trembly would have consented that, upon securing him against the payment of any costs, Smith might maintain, in the name of Trembly, an action to perfect the title ; but this Trembly refused to do. The action having been successfully prosecuted in the form in which it was brought, Trembly now, as plaintiff in error, asks a reversal of a judgment in his favor perfecting his title to lands which he claims to own. It is somewhat difficult to see what standing he has in this court to reverse a judgment in his own favor. As to Sutliff's heirs, the showing appears to have been sufficient to warrant the judgment quieting Trembly's title as

36—58 KAN.

against them. The claim of a reversal, then, rests on the technical rule that the plaintiff must himself have the legal title. In the case of *Styer v. Sprague* ( 63 Minn. 414, 65 N. W. Rep. 659 ), the Supreme Court of Minnesota held :

"A grantor who has conveyed real property by warranty deed with full covenants, and has delivered possession to the grantee, under an agreement with him that a part of the purchase money shall be deposited in the hands of a third person not to be paid over until a cloud upon the title is removed, has sufficient interest in the subject-matter and in the land to maintain a bill in equity to remove the cloud and to quiet the title."

Substantially to the same effect are the cases of *Pier v. Fond du Lac Co.* ( 53 Wis. 421 ) ; *Begole v. Hershey* ( 86 Mich. 130 ). These cases hold that the vendor has an interest in the property to the extent of the unpaid purchase money, and that, being under obligation by his covenants to perfect the title, his interest is sufficient to give him a standing in a court of equity for that purpose. While we are inclined to adhere to the general rule declared by this court in the cases referred to, we yet think this case falls within the exception recognized in the cases last cited, and that the court applied sound principles of equity in granting relief in this case. The demurrer to the second defense set up in Trembly's answer was rightly sustained. It states no defense. The averments show that the title to the forty-acre tract therein described was obtained from the United States through a fraudulent pre-emption. It does not appear that the United States had in any manner questioned the validity of the transfer. The judgment is affirmed.