ELMARY A. POTTER, *Appellant,* v. LAURA I. BECK et al.,
*Appellees.*

No. 18,147.

SYLLABUS BY THE COURT.

1. MORTGAGE—*Land Described According to Government. Survey
—Partly Platted—Mortgage Covers Lots.* A mortgage of a
forty-acre tract described according to the government survey
covers lots within such tract as designated upon a plat pre-
viously filed for record by the owner which had not been con-
veyed when the mortgage was given, and were not referred to
therein or reserved therefrom.

2. ——— *Taxes Levied on Entire Tract—Tax Deeds on Lots
Void.* Where the taxes regularly levied for certain years upon
land described as the "S. W. ¼ of S. E. ¼" of a section were
duly paid by the owner, tax deeds issued upon sales of lots
designated upon a plat including a part of the same forty-
acre tract for taxes levied upon the lots for the same years
are void.

Appeal from Clark district court. Opinion filed May
10, 1913. Reversed.

*W. W. Harvey,* of Ashland, and *H. J. Bone,* of To-
peka, for the appellant.

*F. C. Price,* and *Robert C. Mayse,* both of Ashland,
for the appellees.

The opinion of the court was delivered by

BENSON, J.: The controversy in this action is over
the title to a narrow strip of ground containing a tier
of lots in a town site immediately south of the north
line of the southwest quarter of the southeast quarter
of a section. The plaintiff claims the entire forty-acre
tract except railroad grounds in the south part of it.
The defendants severally claim title in the lots under
tax deeds, and quitclaim deeds from a former owner
of the whole tract.

On August 3, 1885, W. A. McCartney filed in the
office of the register of deeds of Clark county a plat of

an addition to the town of Ashland. The addition was located mainly upon other lands but included the strip referred to. On January 30, 1886, McCartney, the owner, mortgaged this forty-acre tract described as above with other lands. At that time it does not appear that he had sold any of the lots that had been laid out upon it. The mortgage was properly recorded on the day of its date, and was foreclosed by a decree entered June 7, 1892. A sheriff's deed was made upon such foreclosure on March 2, 1893. The description in the foreclosure action and in the sheriff's deed is the same as in the mortgage, and no mention is made of the lots in either. The plaintiff derived title through mesne conveyances from the grantee in the sheriff's deed.

This forty-acre tract, described as "The S. W. ¼ of S. E. ¼ of section 12, township 33, range 23, excepting R. R.," was regularly entered on the tax roll and taxes were levied thereon every year after the county was organized. These taxes were paid by the plaintiff or her grantors. The lots in controversy, described according to the plat, were entered on the tax roll in the year 1887 and following years, and they were sold for the unpaid taxes at various tax sales and tax deeds were issued under which the defendants claim title. In addition to their tax titles, the defendants, Snyder, Beck, Vallentine, and McFarland, claim title under a quitclaim deed from McCartney and James L. Blackford to Daniel Snyder, dated January 24, 1907. This conveyance, it will be observed, was long after the foreclosure, to which both of the grantors were parties and in which their respective interests were foreclosed. Blackford's interest, it appears, was under a conveyance from McCartney made after the mortgage. Defendant Severe, besides his tax deed, asserts title to one lot under the same deed from McCartney and Blackford, but he also claims lot 24 in block 24 under a deed from McCartney made after the mortgage and

before the foreclosure. Neither Severe nor the granteees in this deed, through whom he holds, were made parties to the foreclosure, and the plaintiff concedes that the lot can not be recovered in this action. Other conveyances subsequent to the mortgage made by McCartney to persons under whom none of the defendants claims were received in evidence, but they do not affect the plaintiff's right of recovery, if otherwise established. (*McBride v. Steinweden,* 72 Kan. 508, 83 Pac. 822.)

The mortgage was executed before any conveyances of the platted part of the tract had been made. The description, according to the usual subdivisions of the section, was apt and complete. In the absence of evidence to the contrary it must be presumed that the intention was to mortgage the property described and not merely a part of it. An exception or reservation will not be presumed merely because part of the property has been platted. A description of the whole tract necessarily included every part. A like conclusion was reached in a similar situation in Missouri, although the mortgagor had conveyed some of the lots embraced in the subdivision described in the mortgage before executing it. It was held that the mortgage covered all the lands not already conveyed. (*Baker v. Clay,* 101 Mo. 553, 14 S. W. 734.)

It is suggested by counsel that the facts, appearing in evidence, that a furrow was plowed on the side of one of the lots, a row of trees set out, well dug, and a shop built upon it, imparted notice to the mortgagee. The witness testified that these improvements were made in the year 1885 or 1886, but the person who made the improvements is the grantee in a deed from McCartney, to the lot referred to, which bears date July 26, 1887, and it is probable that they were made after January 30, 1886, when the mortgage was recorded. However, as we have seen, this particular

lot is not now claimed by the plaintiff as the grantee of McCartney was not foreclosed.

The legality of the plat is. not questioned, nor the regularity of the foreclosure and sale.

As the public authorities saw fit to assess this tract and levy taxes upon it as one tract described by the usual well-known designation following the government survey, and the owners have paid all taxes thereon, the tax deeds are necessarily void. Conceding that the proper authorities might have assessed and levied taxes upon the lots, instead of the tract entire, they could not lawfully do both. It is argued that the tax deeds are voidable for other reasons, but it is not necessary to decide that question. The district court, after stating the facts, concluded that the mortgage did not cover the disputed tract, and therefore found for the defendants and gave judgment accordingly. The conclusions of the district court are deemed erroneous.

The judgment is reversed and the cause is remanded with directions to render judgment for the plaintiff, excepting, however, lot 24 in block 24 in the addition referred to. Judgment should be entered in favor of defendant Severe for that lot.