No. 19,914.

THE FARMERS & MERCHANTS BANK OF COURTLAND, *Appellee,*
v. E. B. TIPTON AND S. L. TIPTON, *Appellants;* THE SWED-
ISH-AMERICAN STATE BANK OF COURTLAND, *Appellee.*

### SYLLABUS BY THE COURT.

SALE OF LAND—*Warranty Deed—Disputed Title—Vendor May Maintain
Action to Quiet Title.* A vendor sold land under an agreement with
the vendee to give a merchantable title and place him in possession of
the same, the agreed consideration being paid to the vendor. The
persons from whom the vendor acquired the land and who were in
possession of the same set up a claim that the deed they had executed
to the vendor was in fact a mortgage; and they refused to yield
possession of the land, so that the vendor was unable to carry out his
agreement with the vendee. The vendee demanded the return of the
money which he had paid for the land and refused to bring an action
to quiet his title against adverse claimants. The vendor then brought
an equitable action to quiet the title of the land, making the vendee a
party defendant. *Held,* that the vendor had an interest in the land
sufficient to maintain an action to quiet the title thereto and to deter-
mine adverse claims.

Appeal from Republic district court; JOHN C. HOGIN, judge.
Opinion filed May 6, 1916. Affirmed.

*Henry H. Van Natta,* of Belleville, *F. W. Mahin,* and *I. M.
Mahin,* both of Smith Center, for the appellants.

*W. D. Vance, R. E. McTaggart,* and *N. J. Ward,* all of Belle-
ville, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Farmers &
Merchants Bank of Courtland, Kansas, to quiet title to some
lots in that city. In the petition it was alleged that the de-
fendants E. B. and S. L. Tipton, on June 9, 1911, conveyed the
lots by warranty deed to the plaintiff in order to satisfy an
indebtedness due to the plaintiff from them, and also in con-
sideration of the satisfaction by the plaintiff of a judgment
lien against the property; that soon thereafter the plaintiff
put the Tiptons into possession as its tenants; and that on
March 8, 1913, the plaintiff entered into an agreement with
the defendant, the Swedish-American State Bank, in pursu-

Bank v. Tipton.

ance of which it conveyed all its right, title and interest in the lots to the latter, agreeing to deliver possession and give a clear and merchantable title thereto. It was further alleged that the plaintiff was unable to carry out its contract because the Tiptons refused to deliver possession of the lots, and that it was unable to give a clear and merchantable title because the Tiptons had filed of record an affidavit stating that the property was owned by E. B. Tipton, that it was their homestead, and that their deed of June 9, 1911, was in effect only an equitable mortgage given to secure the payment of their debt and not intended to transfer any interest in the property other than a lien. The Swedish-American Bank was made a party defendant because it refused to bring the action in its own name. It was further alleged that the plaintiff had such an interest in the property as to be entitled to bring the action in its own name, for the reason that in the event of its failure to deliver the kind of title agreed upon, it would suffer loss from the nonpayment of the consideration which had been withheld and retained by the defendant bank as a liability against the plaintiff.

The petition as well as the cross-petition filed by the defendant bank were attacked by the Tiptons by motions to make more definite and certain and by demurrers, all of which were overruled by the court, whose action is complained of in the appeal. But their main contention is that the plaintiff had no interest left in the lots so as to entitle it to bring an action to quiet title. In the cross-petition of the defendant bank it was alleged, among other things, that it had paid to the plaintiff the sum of $4000 as consideration for the lots, and that after the commencement of the action, and on March 6, 1914, it had tendered a quitclaim deed to the property, accompanied by a demand for the return of the consideration, because of plaintiff's failure to deliver a clear title and give possession according to the contract, and that both the tender and demand were refused by the plaintiff. The trial was before the court, which made certain findings of fact from the testimony produced, and it was found and adjudged that the title to the lots was in the plaintiff and its title was quieted as against all the defendants. There was a further finding that the plaintiff was indebted to the defendant bank in the sum of $4000 and

that the latter was entitled to a lien on the lots to the extent of this indebtedness.

The questions presented for review arise upon the pleadings alone, the evidence not being preserved, and are raised by motions to require the pleadings to be made more definite and certain and also upon a demurrer challenging the sufficiency of the facts alleged in the petition. On the motions it was contended that there was a lack of definiteness of averment as to the corporate character of the plaintiff; but the meaning of the averment is so obvious that it could not have been misunderstood by the defendants. It is further said that the allegations are indefinite as to the nature and amount of the indebtedness which constituted the consideration for the deed executed by the Tiptons to the plaintiff and the oral agreement under which they held possession of the premises after the execution of their deed to the plaintiff. The rule is that a pleading is sufficient which fairly informs the adversary of the nature of the claim made against him. (*Republic County v. Guaranty Co.,* 96 Kan. 255, 150 Pac. 590.) The subsequent pleadings indicate that the defendants were able to ascertain the nature and character of the plaintiff's claims and that they could not have been prejudiced by any ambiguity in the statement of facts. The averments were sufficient to warrant the full disclosure of the facts by the evidence, and in the absence of the evidence it may be inferred that the facts were fully brought out in the trial. Upon an appeal, and especially upon an incomplete record, the overruling of a motion to make a somewhat ambiguous pleading more definite and certain will not be ground for reversal unless it appears that prejudice resulted from the ruling. (*St. L. & S. F. Rly. Co. v. French,* 56 Kan. 584, 44 Pac. 12; *Parker v. Vaughn,* 85 Kan. 324, 116 Pac. 882; *Culbertson v. Sheridan,* 93 Kan. 268, 144 Pac. 268.)

The main contention of the Tiptons is that their demurrer should have been sustained, and this upon the theory that the plaintiff, having executed a deed of the lots to the defendant bank, has no interest or standing which warrants it in maintaining an action to quiet title to the property. The plaintiff appears to have treated this action as a proceeding in equity rather than as an action under the statute to quiet title. It is contended that the plaintiff had neither title nor possession and

hence was not entitled to ask relief in this form of action. It was alleged that the Tiptons had by their deed vested the title of the lots in the plaintiff and that they were holding the possession of the same for the plaintiff. These averments taken alone show both title and possession in the plaintiff; but there is the further allegation that the plaintiff had undertaken to transfer the property to the defendant bank, and the Tiptons therefore insist that the plaintiff had parted with its interest in the lots and in consequence lost its right to maintain the action. In effect, it was alleged that the attempt of the plaintiff to carry out its agreement with the defendant bank to transfer the property was abortive, as it had agreed to give a merchantable title and place the defendant bank in possession of the property, but had been unable to do so because of the action of the Tiptons in asserting title to the property and in their refusal to surrender possession of the same. Not being able to carry out its agreement to give a good merchantable title and give actual possession of the lots, plaintiff became liable to the defendant bank, not only for the money received, but also under the covenants of warranty, and the defendant bank therefore rightly insisted that the transfer was incomplete and that it was entitled to a return of the price which it had paid. The lots having been practically thrown back upon the plaintiff, it had an interest therein which entitled it to maintain this equitable proceeding to have the rights of the respective parties determined. The defendant bank declined to assume the burden of bringing the action, and to protect its vendee and itself, the plaintiff brought the action and made the vendee a party defendant. Under the conditions existing, an action at law was wholly inadequate and a resort to an equitable proceeding was necessary, not only to determine the conflicting claims as between the plaintiff and the defendant bank, but also as between the plaintiff and the Tiptons. It was decided in *Sutliff v. Smith*, 58 Kan. 559, 50 Pac. 455, that a vendor who sells land to another and is bound to perfect the title thereto, and whose vendee withholds the purchase price and refuses to bring the action to remove the cloud, can quiet title as against those claiming adverse interests, and that the vendor has sufficient interest to warrant the bringing of an action to quiet title against the vendee and the persons claim-

ing the adverse interest. The present case differs from that one in that the agreed consideration had been paid to the plaintiff, but as the plaintiff was unable to carry out its contract it had no right to withhold the money which the defendant bank had paid. It had sold the property with a covenant of warranty, and its obligation to deliver actual possession and protect the title required it to refund the money and give the plaintiff such an interest as warranted it in asking for equitable relief. (Note, 12 L. R. A., n. s., 652.)

In behalf of the Tiptons it is insisted that the deed which they had executed to the plaintiff was intended as a mortgage only and that they had never transferred the title nor yielded possession of the property, but the averments of the petition were to the effect that an absolute title was conveyed by them to plaintiff and that they were holding possession of the property under the plaintiff. The trial court found against their claims and adjudged that the title and right of possession was in the plaintiff. The evidence not being here, the finding of the court conclusively settles that controversy.

The judgment is affirmed.