No. 38,132

Charles Kalivoda, *Appellee*, v. James A. Pugh and Stella A. Pugh, *Appellants*.

(226 P. 2d 857)

Opinion filed January 27, 1951.

*N. J. Ward,* of Belleville, argued the cause and was on the briefs for the appellants.

*Fred Emery,* of Belleville, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action to quiet title to certain described real estate in Republic county. The appeal is from an order of the court sustaining plaintiff's motion for judgment on the pleadings.

In the petition the facts are clearly stated in proper sequence, but for our purposes we think we may summarize them as follows: Under date of July 29, 1931, defendants, who were then the owners of the real property, for a valuable consideration, sold and conveyed to plaintiff by warranty deed the following described real property:

"The Southeast Quarter (S E ¼) and the South Half of the Southwest Quarter (S ½ S W ¼) of Section 35, in Township Two (2) South, of Range One (1) West, excepting therefrom the right of way of the Chicago, Burlington and Quincy Railway Company, as now located across said premises, containing after said exception, 230.25 acres, more or less."

The deed was filed for record the next day and duly recorded, and plaintiff went into possession thereunder. A copy of the deed was attached to the petition as Exhibit "A" and made a part thereof.

Plaintiff alleged that in the year 1891 the then owner of the real property caused to be platted of record the town of Haworth, which included that part of the land conveyed by the deed above mentioned lying south of the railroad right of way and east of a north and south line 572 feet west of the southeast corner of Section 35. This contained about eight acres and was described in the plat as Blocks 2, 3, 4 and 5, with streets and alleys adjacent thereto; that the town of Haworth was never incorporated as a city and the townsite never had been formally vacated; that a small village existed on the townsite for a few years, but the same became wholly depopulated, and such buildings and improvements as existed thereon have long since been destroyed or removed, so that the portion of the townsite in Section 35 reverted to its character of unimproved farm land, undistinguishable from the adjacent land described in the deed, and that this situation had existed for more than thirty years. It was alleged that when the deed to plaintiff was recorded the officials having charge of the tax rolls did not properly alter them to reflect the ownership of plaintiff in that portion of the townsite in Section 35, but continued to carry Blocks 2, 3, 4 and 5 on the tax rolls so as to reflect the ownership to be in the defendant, J. A. Pugh, and that he continued to pay the taxes on those blocks through the years 1931 to 1947; that plaintiff did not discover that condition until about a year before this action was brought, when he paid the taxes on the blocks for the years 1948 and 1949. Plaintiff alleged he was ready to do equity and to pay defendants the amount of the taxes which they had paid if the court found it necessary, but alleged that equity should not require such payments by him for the reason that they were made voluntarily by defendants with full knowledge on their part. It was alleged that defendants make some claim to Blocks 2, 3, 4 and 5 in the town of Haworth.

Plaintiff claimed title to all of the property, including Blocks 2, 3, 4 and 5 in the town of Haworth by virtue of the deed, and sepa-

rately claimed it by adverse possession for more than seventeen years, and appropriate allegations for that claim are made in the petition.

Plaintiff further alleged that he had agreed to sell the south half of the southwest quarter and the south half of the southeast quarter of Section 35 to one Leon Chizek, their present tenant on the property, and to furnish a clear and marketable title thereto, and for that purpose plaintiff and his wife had executed a deed in favor of Chizek, but that the delivery of the deed was being withheld pending the commencement and final conclusion of this action.

Defendants demurred to the petition upon the ground that the court had no jurisdiction of the subject of the action or of the defendants; that plaintiff had no legal capacity to sue or to maintain the action, and that the petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants. This demurrer was overruled.

Defendants filed an answer admitting they are husband and wife and alleging that they had record title to Blocks 2, 3, 4 and 5 in the town of Haworth and that they claim ownership thereof, and that they had paid the taxes for the years 1933 up to and including 1947, stating the amounts of such payments. In their answer defendants further admitted that they secured and delivered to plaintiff the warranty deed to the premises, as alleged in plaintiff's petition, a true copy of the petition being Exhibit "A". They admitted that in 1891 the then owner of the property recorded the plat of the town of Haworth, and that the town never had been vacated; alleged that the plat of the town of Haworth shows streets and alleys as well as lots and blocks, and that when the defendant, James A. Pugh, obtained title to the land which he conveyed to plaintiff, as set forth in the petition, he likewise had conveyed to him each of the lots in the four blocks, and alleged that defendants never have made a conveyance of the lots and blocks, but are the owners thereof. They further alleged that plaintiff does not have sufficient claim of title or right of possession to bring and maintain the action and that he had not pleaded sufficient facts to set forth a cause of action in favor of the plaintiff and against the defendants. Thereafter plaintiff filed his motion for judgment, leaving it to the court to determine the question of the payment of taxes.

The trial court gave defendants judgment against plaintiff for

the amount of the taxes they had paid over the years on the blocks which had been carried on the tax rolls as blocks in the Haworth addition. We think that was proper since, at any rate, plaintiff does not complain about it. The court rendered a decree quieting plaintiff's title to all the land described in the deed from defendants to plaintiff, including that part of the land which previously had been platted as blocks in the Haworth addition.

Defendants have appealed and contend that since plaintiff's petition disclosed that he had sold the land to Chizek he did not have an interest in the real estate involved to bring and maintain this action, and also that Chizek is a necessary party to the action, and for these reasons the petition does not state a cause of action. The contention is not well taken. The title was still in the plaintiff, and from the petition it appears that plaintiff was still in possession of the property, the prospective purchasers being his tenants. In any event, this was a suit in equity to remove a cloud from the title. Since plaintiff had agreed with Chizek to give him a good, marketable title to the property we think that it was plaintiff's right and duty to maintain the action, and that the purchaser Chizek was not a necessary party thereto. (See, *Sutliff v. Smith*, 58 Kan. 559, 50 Pac. 455; *Beeler v. Elwell*, 92 Kan. 586, 141 Pac. 551; *Bank v. Tipton*, 98 Kan. 34, 159 Pac. 1016; and annotation in 97 A. L. R. 711, where the annotator says:

"The great weight of authority supports the view that one who has conveyed real property to another by deed containing covenants of warranty may maintain an action against a third person asserting title or interest hostile to the covenants, for the purpose of removing or preventing a cloud on the grantee's title, . . ." (Citing many authorities, including two of our own.)

Appellants state as one of the questions involved:

"Will a deed to that portion of a section of land upon which a town has been platted convey title to the lots and blocks of that town without describing such lots and blocks?"

Upon the record in this case this question must be answered in the affirmative. Defendants had alleged that when they bought the property they acquired title to all of the lots in blocks 2, 3, 4 and 5 in the Haworth addition, and that they owned the lots at the time they executed their warranty deed to plaintiff on July 29, 1931. This deed contained a description by a government survey which included those lots which made up the blocks. The deed contained no reservations or exceptions. The result is defendants conveyed

the blocks and the lots described therein to the plaintiff. The description of the land conveyed was contained in the deed and there was no necessity of redescribing that portion of it which had been platted into blocks and lots. (See, *Potter v. Beck,* 89 Kan. 569, 132 Pac. 177.) More than that, defendants put plaintiff into possession of the property soon after the deed was executed, and plaintiff alleged that he had been in the absolute, open, notorious and exclusive possession of the property under a claim of title for more than fifteen years. These allegations were not denied by the defendants. Hence, plaintiff's contention that he had a good title by adverse possession is well taken.

Appellant presents the question for our determination:

"May one quiet title against the owner of lots who has paid the taxes thereon for years, because such owner has conveyed the portion of the section of land from which the lots have been taken by the town plat?"

The question is confused, for as a matter of fact defendants were no longer the owners of the lots and blocks after they had conveyed them to the plaintiff on July 29, 1931. The fact the county treasurer had carried them on the tax rolls by lot number did not have the effect of destroying or modifying the deed by which defendants conveyed them to plaintiff. Indeed, the court might very well have held those payments to have been voluntary on defendants' part. However, plaintiff is not complaining of the holding of the court with respect to the taxes and the defendants are getting their payments back.

Counsel have cited a number of cases or legal principles which have more or less of an indirect bearing upon the particular questions we have here, but we find no necessity of analyzing them carefully in this opinion. We find no error in the record. The judgment of the trial court is affirmed.