## CARSON PAYSON COMPANY v. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY ET AL.

[No. 8,911. Filed June 5, 1914. Rehearing denied October 28, 1914. Transfer denied December 16, 1914.]

1. MECHANICS' Liens.—Waiver.—Contracts.—The statutory right to file or enforce a mechanic's lien may be waived by contract, but to constitute such a waiver the contract must contain language either expressly, or by clear implication, covenanting against liens in terms that a mechanic or materialman may readily understand. p. 359.

2. CONTRACTS.—Construction.—Waiver of Mechanics' Liens.—A contract between a building contractor and subcontractor providing that the latter was to furnish all the materials and labor necessary for the entire completion of its contract, and that it would keep the buildings and real estate free and clear of all mechanics' liens on account of any work, labor and materials furnished by it, is not open to the construction that it amounted only to an agreement to keep the property free and clear of liens in favor of persons furnishing labor or material to such subcontractor and that it did not preclude the enforcement of a lien in its favor. p. 359.

From Superior Court of Marion County (86,335) ; *Charles J. Orbison*, Judge.

Action by Kaestner and Hecht Company against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company and others. From the judgment against it on the issues tendered by its cross-complaint for the foreclosure of a mechanic's lien, the Carson Payson Company appeals. *Affirmed.*

*Means & Buenting,* for appellant.

*Russell Willson, Romney L. Willson, Elmer E. Stevenson* and *Frank L. Littleton,* for appellees.

LAIRY, J.—The pleadings forming the issues in this case are numerous and very voluminous. From these pleadings it appears that the appellees, Cleveland, Cincinnati, Chicago and St. Louis Railway Company and Charles R. Myers, as trustees for such company, owned certain real estate described in the pleadings and that in the year 1911 the railway company entered into a written agreement with the Warren Construction Company by which the latter company agreed to construct on such real estate certain buildings consisting of shops, roundhouses and other buildings used together as one plant on said real estate. It further appears from the pleadings that the Warren Construction Company entered into a written contract with appellant, Carson Payson Company, by the terms of which the latter company agreed to furnish all material and to do all the work for the complete construction of all the rough and finished plumbing and piping at the shops of such railway company at Beech Grove. The principal question to be determined in this case involves a construction of this latter contract.

Appellees contend that appellant, by the terms of this contract, waived the right given it by statute to file or enforce a lien as subcontractor against the real estate on which such buildings were situated on account of any materials furnished or labor performed under such contract, while appellant contends that such contract properly construed does not constitute such a waiver. The question is raised in several ways. The court sustained a demurrer to the second paragraph of appellant's cross-complaint by which it set up the contract and sought to enforce a mechanic's lien for a balance alleged to be due thereon, and also overruled a demurrer to an answer of appellees which set up the contract as a defense to the first paragraph of appellant's counterclaim which sought to enforce a mechanic's lien for

material furnished and work and labor performed on such buildings. Proper exceptions were saved, and both of these rulings are assigned as error. The same question is again presented by the assignment that the court erred in its second conclusion of law which is as follows: "Said Carson Payson Company waived its right to a mechanic's lien by the covenants in its written contract to keep the property free from liens for work or material furnished by it and is therefore not entitled to a lien against any of said real estate described in its cross-complaint and the notice of mechanic's lien filed by it is void."

It is conceded by all parties to this appeal that the right given by the statute to file or enforce a mechanic's lien, may be waived by contract, and the authorities are not 1. in conflict on this question. *Taylor* v. *Murphy* (1892), 148 Pa. St. 337, 23 Atl. 1134, 35 Am. St. 825; *Miller* v. *Taggart* (1905), 36 Ind. App. 595, 76 N. E. 321, and cases there cited. In order to constitute a waiver of a lien given by statute the contract must contain an express covenant against liens, or the language of the contract must be such that a covenant against liens can be clearly implied thereform. The language upon this subject should not be ambiguous or uncertain, but it should be so clear that a mechanic or material man may understand it without consulting a lawyer as to its legal effect. *Geo. B. Swift Co.* v. *Dolle* (1907), 39 Ind. App. 653, 80 N. E. 678; *Nice* v. *Walker* (1893), 153 Pa. St. 123, 25 Atl. 1065, 34 Am. St. 688; *Concord Apartment House Co.* v. *O'Brien* (1906), 128 Ill. App. 437.

By the contract between it and the Warren Construction Company appellant agreed to furnish all of the materials and labor necessary for the entire completion of the 2. contract, and that the party of the second part (appellant) would keep said buildings and the real estate upon which they are located free and clear of all mechanic's liens on account of any work, labor and materials

360     APPELLATE COURT OF INDIANA,

Carson, etc., Co. *v.* Cleveland, etc., R. Co.—57 Ind. App. 357.

furnished by said party of the second part.  On behalf of appellant it is claimed that this stipulation in the contract amounts only to an agreement to keep the property free and clear of liens in favor of persons who might perform labor for or furnish material to appellant as a subcontractor and that it does not preclude appellant from enforcing a lien in its favor for a balance due it under the contract.  The contract is not susceptible of the construction for which appellant contends.  Appellant's agreement was to keep the property free and clear of liens on account of labor and materials which it furnished.  It agreed to furnish all labor and materials necessary for the completion of the contract, and the furnishing of such labor and material would create a liability in favor of appellant under the contract, for which it might have enforced a lien in the absence of the agreement to keep the property free and clear of liens on account of labor and material furnished by the party of the second part.  By filing a lien for a balance due on the contract for labor and material furnished thereunder, appellant clearly violated the stipulation of the contract to which we have referred.  The construction placed upon this contract by this court is sustained by numerous authorities.  *Geo. B. Swift Co.* v. *Dolle, supra; Fidelity Mut. Life Assn.* v. *Jackson* (1894), 163 Pa. St. 208, 29 Atl. 883; *Security Nat. Bank* v. *St. Croix Power Co.* (1905), 126 Wis. 370, 105 N. W. 914; *Schroeder* v. *Galland* (1890), 134 Pa. St. 277, 19 Atl. 632, 7 L. R. A. 711, 19 Am. St. 691; *Scheid* v. *Rapp* (1888), 121 Pa. St. 593, 15 Atl. 652; Boisot, Mechanics' Liens §745.

The attention of the court is called to a provision of the contract to the effect that the party of the second part shall promptly pay for all labor and materials when the payment for the same became due, and in case it failed so to do, that party of the first part might pay for same and deduct the amount so paid from the amount to be paid to the party of the second part; and also to a provision by which the second party agrees to indemnify the first party and save it

NOVEMBER TERM, 1914.        361

Carson, etc., Co. *v.* Cleveland, etc., R. Co.—57 Ind. App. 357.

harmless from any damages, loss, costs, or attorney's fees on account of any such lien or liens. It is urged on behalf of appellant that, when the specific provision with reference to keeping the property free from liens is construed in connection with these provisions, the whole contract evinces an intention on the part of the contracting parties to protect the party of the first part against claims and liens arising in favor of third persons for labor and material furnished to the party of the second part and no other. There can be no doubt that the provisions to which we have referred as well as the provisions in reference to the giving of a bond by the party of the second part conditioned to indemnify the party of the first part against liens or claims, damages, loss, costs and attorney's fees, relate to claims arising under the contract in favor of third parties, and that such provisions evidence an intention to protect the party of the first part against claims and liens of this character; but such an intention is not inconsistent with a like purpose to provide against the filing of liens by the second party on account of labor and materials furnished by it.

The construction placed upon the contract by the trial court was clearly correct. Judgment affirmed.

NOTE.—Reported in 105 N. E. 503. As to waiver of mechanics' liens, see 41 Am. Dec. 221. As to whether stipulations in the contract can destroy the lien of subcontractors and materialmen, see 19 Am. St. 699. As to the stipulation in a building contract against mechanics' liens as precluding the contractor filing a lien, see Ann. Cas. 1913 E 562. See, also, under (1) 27 Cyc. 261, 263; (2) 27 Cyc. 263.