## FUHRMAN v. FRECH ET AL.

[No. 8,642.   Filed October 6, 1915.   Rehearing denied December 17, 1915.]

1. CONTRACTS.—*Construction.*—*Waiver of Mechanic's Lien.*—A contract for the construction of a house providing that the contractor is to "transfer same to first party clear of all claims or incumbrances", is not to be construed as an agreement to transfer clear only of the claims and encumbrances of third persons, so that the contractor was thereby precluded from enforcing a mechanic's lien. p. 350.
2. APPEAL.—*Review.*—*Conclusiveness of Decision.*—Though the evidence is conflicting, the decision of the trial court can not be disturbed if there was some evidence to support it. p. 351.

From Superior Court of Allen County; *Carl Yaple*, Judge.

Action by August Fuhrman against William Frech and another.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*William Fruechtenicht* and *Creighton H. Williams*, for appellant.

*Thomas & Townsend*, for appellees.

IBACH, P. J.—Action by appellant against appellees to recover a money judgment for a balance claimed to be due appellant from appellees for con-

struction by appellant of a dwelling house on a lot owned by appellees, and to enforce a mechanic's lien for the amount due. The only error properly presented is the overruling of appellant's motion for new trial, for the reasons that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellant was the original contractor, and contracted to "transfer same (house) to first party, clear of all claims or incumbrances within ninety days from date." Appellees contend that appellant's right to a mechanic's lien was cut off by this language of the contract. Appellant urges that this was only an engagement to transfer the house clear of claims or incumbrances by others, but did not prevent the contracting party from asserting a lien for debts due him. The question has been disposed of in the case of *Carson, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 357, 105 N. E. 503. In that case a subcontractor entered into a contract with the original contractor, and agreed to keep the building free and clear of all mechanic's liens on account of any work, labor or materials furnished by the party of the second part. It was claimed that this was only an agreement to keep the property free and clear of liens in favor of persons who might furnish material to or perform labor for the appellant as a subsequent contractor, but that it did not preclude appellant from enforcing a lien in its favor for a balance due it under the contract. The court held that the contract was not susceptible of such a construction, and that appellant was prevented from enforcing a lien in its behalf, citing numerous authorities to sustain its position.

The court also found against appellant that he was not entitled to a money judgment. The evi-

dence showed that all the contract price had
2.  not been paid by appellees, but they had a
counterclaim because of the alleged failure of
appellant's work to comply with specifications.  On
this point the evidence was conflicting, but there was
evidence to support the court's decision, and it will
not be disturbed.  Judgment affirmed.

NOTE.—Reported in 109 N. E. 781.  When work is completed with-
in the contemplation of mechanics' lien laws, see 43 Am. St. 900.
As to waiver of a mechanic's lien by contract inconsistent with lien,
see 1 Ann. Cas. 954.  As to stipulation in building contract against
mechanics' liens as precluding contractor from filing lien, see Ann.
Cas. 1913 E 562.  See, also, under (1) 27 Cyc 263; (2) 3 Cyc 360.