## METROPOLITAN LIFE INSURANCE COMPANY v. STENGER.

[No. 8,653. Filed October 14, 1915.]

1. JUDGES. — Special Judges. — Appointment. — Under §§428-431 Burns 1914, Acts 1903 p. 343, relating to the appointment of special judges, and providing that if a special judge appointed by the regular judge fails to qualify and assume jurisdiction within twenty days, etc., the appointment shall be deemed vacated, and that if another is not appointed in five days, the clerk shall, on request of either party, certify the facts to the Governor, who shall make the appointment, and under §427 Burns 1914, Acts 1907 p. 108, providing for the selection of a special judge by the striking off of names submitted by the regular judge, where the judge appointed on change of venue from the regular judge appointed another on change from himself, and his appointee failed to qualify, the regular judge was without authority to make a further appointment. p. 607.

2. JUDGES.—Special Judges.—Objections to Appointment.—Where objection to the appointment of a special judge was made at the

time, and exception reserved, the party objecting was not required to object to him qualifying, or to his several acts during the trial, in order to take advantage of the irregularity on appeal. p. 609.

3. JUDGES.—*Special Judges.—Unauthorized Appointment.—Legality of Proceedings.*—The proceedings had before a special judge, whose appointment by the regular judge was without statutory authority and over the objections and exceptions properly made and reserved, are illegal. p. 609.

From Whitley Circuit Court; *Lemuel W. Royse,* Special Judge.

Action by Bertha V. Stenger against the Metropolitan Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Breen & Morris,* for appellant.

*W. A. Branyan, Wilbur E. Branyan, W. H. McNagny, Robert McNagny* and *Philip McNagny,* for appellee.

IBACH, P. J.—This was an action brought by appellee to recover from appellant the amount of an insurance policy issued by it on the life of her husband, and in which she was named beneficiary.

At the threshold of this case we meet with a jurisdictional question, the determination of which makes it unnecessary to consider any of the further errors assigned for reversal. Appellant insists that the regular judge of the Whitley Circuit Court erred in the appointment over its objection, of the special judge who tried the cause and therefore all the subsequent proceedings were irregular and illegal. The record discloses the following facts: On April 4, 1911, the venue of the cause was taken from the regular judge. On May 4, 1911, E. A. Bratton was appointed special judge. On November 9, 1911, a change of venue was taken from him, and on December 2, 1912, J. A. Brown of Angola was appointed. On February 5, 1913, an order was entered by the regular judge to the effect that as said Brown had failed to qualify and assume jurisdiction of the case the same was assigned to Lemuel

W. Royse, special judge. Appellant at the time of the appointment of said Royse objected and excepted and properly filed its special bill of exceptions.

Under the facts the regular judge exceeded his authority in making the appointment of Judge Royse. The law in effect at the time of these proceedings provides that in all actions in which a change of venue is taken from the regular judge, it shall be the duty of such judge within five days after such change is applied for to appoint a special judge to try the cause, and whenever a special judge so appointed fails to qualify and assume jurisdiction of the cause within twenty days after his appointment or fails to attend at any subsequent term of the court in which the cause is pending, thereupon the appointment of such special judge shall be held to have been vacated, and in the event another person is not appointed within five days by the regular judge, the clerk of the court where the action is pending shall forthwith, on request of either party, certify the facts to the Governor, who shall appoint another special judge who shall have jurisdiction of the cause. Acts 1903 p. 343, §§428-431 Burns 1914. Also the act of 1905 as amended in 1907 provides that whenever a change of venue is taken from the regular judge in any civil action or in any case where the presiding judge is disqualified to try the case for any cause, if the parties in open court do not agree upon some person to try the case it shall be the duty of the court within three days to nominate three competent and disinterested persons, each of whom shall be an available judge or member of the bar of this State, to be submitted to the parties in the action, from which the plaintiff side and defendant side, within two days thereafter, may strike off one of such names each; the court shall thereupon appoint the person or one of the persons who shall remain unchallenged to preside as judge in said action. Acts 1907 p. 108, §427 Burns 1914.

It is apparent that Judge Royse was not appointed as

provided for by law, and appellee does not seriously contend otherwise. Her position is that appellant can

2. not take advantage of such irregular appointment at this time, because it failed to object to Judge Royse qualifying, and to his several acts during the trial. This was not necessary, having objected and excepted to his appointment when made, it would be an idle ceremony on appellant's part to further object. Even if such further objections were made, that fact would not add to nor detract from the effect of what was actually done by appellant to secure its rights. *Lillie* v. *Trentman* (1891), 130 Ind. 16, 20, 21, 29 N. E. 405. We see no escape from holding

3. that, the appointment of Judge Royse as made having been unauthorized, and appellant having properly objected and excepted to the appointment, all the proceedings connected with the case after that time were illegal. Consequently the trial court committed error in making such appointment, and such error necessitates a reversal of the cause. Judgment reversed.

NOTE.—Reported in 109 N. E. 781. As to the validity of acts of *de facto* judge, see 12 Ann. Cas. 208. See, also, under (1) 23 Cyc. 608; (2) 23 Cyc. 616.