C. N. WOOD, Appellee, v. GEORGE H. BALL et al., Appellees; FIRST NATIONAL BANK OF LOGAN, Appellant.

**MECHANICS' LIENS:** Operation and Effect—Priority. A mechanics'
1  lien, the statement for which is filed some *eight months* after the last of the materials is furnished, is prior in right to a mortgage on the premises executed after delivery of materials had commenced, and before delivery had been completed.

**MECHANICS' LIENS:** Operation and Effect—Mortgage to Pay Claim-
2  ants as Bearing on Priority. Whether, when a mortgage is executed on premises pending the erection of an improvement thereon, the application of the proceeds to the complete extinguishment of all then existing mechanics' lien accounts has the effect of giving such mortgage priority over all *future*-accruing mechanics' liens, *quaere.* But *held* that such could not be the result when it was stipulated that the account of the mechanics' lien claimant was continuous.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

JUNE 23, 1922.

THE main action above entitled was the foreclosure of a first mortgage, upon which no contest was made. The controversy presented is one of priority, as between subsequent lien holders. The decree established the priority of a mechanics' lien filed out of time, over a mortgage executed and recorded pending the accrual of the mechanics' lien.—*Affirmed.*

*Cochran & Wolfe,* for appellant.

*L. W. Fallon, Bolter & Murray,* and *Cochran & Wolfe,* for appellees.

EVANS, J.—I. One of the junior lien holders, the Quinn Lumber Company, filed a cross-bill against one of its codefendants, the First National Bank of Logan, claiming the priority of its mechanics' lien over the mortgage of said bank. The common debtor and principal defendant was Ball. On March 26, 1920, he executed a mortgage to the First National Bank of Logan for $3,000, which mortgage was duly recorded. On April 2, 1919, the Quinn Lumber Company began to furnish to the said Ball material for certain improvements, and continued from time to time to furnish such material, up to and including the second day of December, 1920. It filed its mechanics' lien July 29, 1921. The decree of the district court established the mechanics' lien as prior and superior to that of the mortgage of the First National Bank of Logan. Such bank is the appellant herein.

1. MECHANICS' LIENS: operation and effect: priority.

The first question presented is whether the failure of the mechanics' lien holder to file his lien within the statutory time defeated its priority over the bank mortgage. The question stated in that form is fully answered by our present statute, which provides:

"* * * but a failure to file the same within said periods shall not defeat the lien, except against purchasers or incumbrances in good faith, without notice, whose rights accrued after the 30 or 90 days, * * * and before any claim for the lien was filed." Code Section 3092.

It would be difficult to guard the rights of a mechanics' lien holder more zealously than the statute in its present form

does. Manifestly, the failure to file the lien within the statutory time did not operate in favor of the priority of the bank mortgage.

II. It is made to appear that, at the time of the execution of the bank mortgage, its proceeds were turned to the full satisfaction of the mechanics' lien account then accrued. Nothing remained due thereon. The lien subsequently enforced was created or preserved by the furnishing of further material. It is claimed, therefore, that the bank attained priority out of this fact. The state of facts thus presented would furnish a strong reason why the continuity of the account of the mechanics' lien holder should have been deemed broken and the account satisfied as of the date of such mortgage, and materials furnished thereafter should be deemed a later account. But we are quite foreclosed by the record from considering this question. The case was tried upon a stipulation of facts. This included the stipulation that the mechanics' lien account accrued pursuant to a contract entered into on April 2, 1919, and continued until December, 1920. The continuity of the account, therefore, is a stipulated fact, and we are bound thereby. It amounts to a stipulation that the payment of the account on March 27th was a mere item of credit on the account.

*2. MECHANICS' LIENS: operation and effect: mortgage to pay claimants as bearing on priority.*

The decree must, accordingly, be—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.