Van Dyck Heating & Plumbing Company, Appellee, v. Central Iowa Building Company et al., Appellants.

**MECHANICS' LIENS:** Right to Lien—Contract Waiver. A principal
1 contractor may, by explicit contract with the owner of the premises, validly waive his statutory right to a mechanic's lien as against the owner.

**CONTRACTS:** Building Contracts—Final Certificate by Architect—
2 What Constitutes. A certificate by an architect that the contractor has been overpaid a stated amount, even though it purports to be an ''opinion'' only, is a *final* certificate when the parties mutually expected that the certificate would be final, and mutually so treated it, and when the certificate contains an itemized computation showing how the overpayment was determined.

**MECHANICS' LIENS:** Enforcement—Proof of Claim—Evidence. A
3 claim for extra work is not proved by the production of the contractor's books of account, showing items of time employed, and made up from oral statements by workmen who were not called as witnesses, neither the contractor nor the bookkeeper having any personal knowledge of the correctness of the items.

Headnote 1: 27 Cyc. p. 263. Headnote 2: 9 C. J. p. 769. Headnote 3: 9 C. J. p. 884.

*Appeal from Polk District Court.*—Joseph E. Meyer, Judge.

NOVEMBER 17, 1925.

ACTION to foreclose a mechanic's lien, in which proceeding a counterclaim was filed, resulting in a judgment for the plaintiff for the sum of $4,877.13, and the foreclosure of its mechanic's lien. Defendant McGregor appeals.—*Reversed.*

*Havner, Flick & Powers,* for appellants.

*C. C. Putnam* and *Judson E. Piper,* for appellee.

ALBERT, J.—Appellee had a written contract with the appellant for the furnishing and installation of plumbing and heating in the Iowa Building in the city of Des Moines. Among other provisions of said contract was the following:

"The said contractor hereby waives all liens and claims to liens against the said building and the land on which the same is erected which he * * * may have or be entitled to under and by virtue of the statutes of the state of Iowa by reason of work done and to be done and material furnished and to be furnished said building under this contract. The said contractor further agrees that the completed work called for by this contract and offered to the owner for acceptance shall be delivered free from any and all claims and incumbrances of any description whatsoever."

1. MECHANICS' LIENS: right to lien: contract waiver.

Notwithstanding this provision, the lower court held that the appellee was entitled to a mechanic's lien, and entered decree foreclosing the same. It is now urged by appellant that this was error on the part of the court.

A mechanic's lien is a right or privilege given to a contractor to protect himself against loss for material and labor furnished. It is wholly a creature of statute. We know of no reason, and none has been urged, which would prevent the contractor from waiving such a lien by contract, so as to be binding in a contest between the property owner and the original contractor. We have been unable to discover any Iowa case involving this proposition, but the question has been repeatedly determined in other jurisdictions. *Cushing v. Hurley,* 112 Minn. 83 (127 N. W. 441); *Gray v. Jones,* 47 Ore. 40 (81 Pac. 813); *Fuhrman v. Frech,* 60 Ind. App. 349 (109 N. E. 781); *Arizona E. R. Co. v. Globe Hardware Co.,* 14 Ariz. 397 (129 Pac. 1104); *Fidelity Mut. Life Assn. v. Jackson,* 163 Pa. St. 208 (29 Atl. 883); *Brzezinski v. Neeves,* 93 Wis. 567 (67 N. W. 1125); *Sanders' Pressed Brick Co. v. Barr,* 76 Mo. App. 380; *Weinberg v. Valente,* 79 Conn. 247 (64 Atl. 337); *Pinning v. Skipper,* 71 Md.

347 (18 Atl. 659); *Frost v. Falgetter,* 52 Neb. 692 (73 N. W. 12).

Appellee does·not seem to seriously contend otherwise, but says that the contract stipulation waiving the right to a mechanic's lien must be explicit and free from all ambiguity and doubt, citing *Davis .v. La Crosse Hospital Assn.,* 121· Wis. 579 (99 N. W. 351); *Concord Apt. House Co. v. O'Brien,* 228 Ill. 476 (81 N. E. 1076); *Aste v. Wilson,* 14 Colo. App. 323 (59 Pac. 846). As said in the *Davis* case just cited, where there is ambiguity and doubt, it should be resolved in favor of the lien. We are agreed with this proposition as stated by appellee, but it has no application to the contract stipulation before us, for the reason that the waiver heretofore set out is perfectly clear and unambiguous in every respect. It states in so many words that the contractor waives all liens and claims to liens against said land and building, etc. To our minds no more apt language could be used to express the idea of a waiver than that used in this contract. It must, therefore, follow that the appellee was not entitled to assert and foreclose a mechanic's lien against this property, and the district court erred in holding that it was.

As usual in large building contracts like the one under consideration, many changes were made, varying the original plans and specifications. Payment was made to the contractor from time to time, as provided in his contract; but, when the contract was near completion, dissension arose between the parties, and a settlement was attempted, but no agreement reached.

2. CONTRACTS: building contracts: final certificate by architect: what constitutes.

The architect in charge was Henry L. Newhouse, of Chicago. When the parties were unable to agree to an adjustment of their difficulties, Newhouse was called into conference, and all the various matters of contention between the parties were gone over with him, without reaching a result. Before he left the conference, to return to Chicago, he said, "I will send you a certificate and we will settle it." On his return to Chicago, under date of July 23, 1920, he forwarded to both parties a certificate in the following form:

"This is to certify that Van Dyck Heating and Plumbing Company contractor for the plumbing and heating of your

building, 6th & Grand Ave., Des Moines, Ia., has been overpaid nine hundred twenty-two and 93/100ths dollars ($922.93) according to the terms of contract.

Henry L. Newhouse, Architect

| | | |
|---|---|---|
| Contract Price | 58,970.00 | Remarks ................... |
| | | |
| Additional work | 9,161.69 | This certificate, whether issued as final or otherwise, is an opinion only, and is in no |
| Allowances | 5,208.12 | sense a guarantee on the part of the architect.  It is not to be interpreted as an accept- |
| Former Certificates | 63,846.50 | ance of any work or material which is defective or which is not in accordance with the |
| Total Amount Iss'd | 63,846.50 | contract, and in making payment under it the owner reserves the right to hold the |
| Overpaid | 922.93 | contractor strictly responsible for defective work or material, or for any violation of the contract. |

I agree to the above and hereby acknowledge receipt of the amount stated on this certificate.

Date...............

Contractor."

This case is presented to us and argued by both sides on the theory that a "final certificate" from the architect Newhouse is binding and final on both parties; but it is the contention of the appellee that the certificate above set out is not a "final certificate," and therefore appellee is not bound thereby.  This is one of the crucial questions in the case.  The appellee states his position in relation thereto as follows:

"A certificate of an architect which is upon its face a mere opinion, and does not purport to be final, is not conclusive upon the parties to a contract."

As supporting his contention he cites the case of *Cook v. Ziff Colored Masonic Lodge*, 80 Ark. 31 (96 S. W. 618). Just how this case can, have any bearing on this proposition we are unable to see. The question involved was of the validity of the certificate, of the clerk of the court to a delinquent tax list, and nothing said in the case could have any bearing on the case before us. The case of *Dolan v. United States*, 69 C. C. A. 274 (133 Fed. 441), involves the sufficiency of an indictment for a forgery of a certificate of citizenship.

In the case of *Wacker v. Essex*, 67 Ind. App. 584 (119 N. E. 466), the court held that there was no authority in the architect, under the contract, to issue a certificate which could be conclusive on the parties, because, in issuing the certificate he did, he was not acting within the scope of his authority. In this case the certificate contained the following notice:

"This certificate is an expression of the architect's opinion, and shall at no time be considered as a legal obligation on his part; neither shall it be considered as an acceptance of any work done or materials furnished."

The court says that under this language it cannot hold that the architect had finally determined for the parties that the contract had been performed in accordance with its terms. The reading of the above notice shows on its face why this holding was made. It decided and satisfied nothing, and so said. The certificate in the case at bar, however, while stating it as the opinion of the architect, does set out the contract price, the amount that was allowed for extras and additions, the allowances made to the appellant, and the amount paid, and certifies that appellee has been overpaid approximately $900. It further certifies that it is not to be interpreted as an acceptance of any work or material which is defective, or which is not in accordance with the contract, and reserves to the owner the right to hold the contractor responsible for such defective work or material or for any violation of the contract. These reservations were properly a part of this certificate, because they were provided for in the original contract between the parties, and nothing more was reserved than was reserved in such original contract. We have said that, under such provisions of the contract, an architect cannot issue a certificate waiving such express·

provisions. *Marsh & Co. v. Light & Power Co.,* 196 Iowa 926. If he had no such power to waive the provisions of the original contract, the reservation of the same thing in his final certificate was strictly in accord with the terms of the contract, and would not vitiate it. But appellee insists that, because the certificate recites that it is an opinion only, this deprives it of the force and effect of a final certificate. To this contention we cannot accede. As a matter of fact, all that the architect ever could say would in fact be an opinion. We are content to say that, under the evidence in this case, both parties expected and intended that this certificate, when issued by Newhouse, should be the "final certificate," as contemplated by the contract. In fact, the appellee throughout his testimony refers to it as the "final certificate" from the architect, and in the light of the evidence we think it should be so treated.

As heretofore said, disputes and difficulties arose between these parties as to change in the plans and specifications, resulting in some instances in extra labor and material, and in other instances in the reduction of labor and material required. After the parties were unable to adjust these matters between themselves, the architect was called in, and both sides laid their differences before him. After all of the differences were gone over, this certificate was made. Under these circumstances, we feel content in holding that the same was a final certificate, and binding on all parties.

Again, it is contended on the part of appellee that, under the bill of particulars attached to its mechanic's lien, it was entitled to a personal judgment for the amount due thereunder, amounting to something over $6,000. The appellant counterclaims an amount in excess thereof for defective work, failure to furnish material, etc., and answers the appellee's claim with a general denial. This put the appellee on proof of all the items of its claim; and we must say that, under the evidence adduced, we do not feel that it has sustained this claim. As an illustration, a large part of its claim is for extra work caused by change in plans and specifications. The appellee, in reality, is a person doing business under the trade name of the Van Dyck Heating & Plumbing Company. As to this work he could not testify per-

3. MECHANICS' LIENS: enforcement: proof of claim: evidence.

sonally, but depended upon his books of account therefor. His account book was kept by one Jones, who was equally ignorant of the actual time put in on this extra work. They both testify that the account in the book was made from reports to the bookkeeper by the individual laborer at the end of each week. There was no timekeeper on the job, and no individual laborer kept a time book; but the evidence shows that they reported to the bookkeeper wholly from memory at the end of each week as to the amount of time put in by them. Very few of the laborers were witnesses for the appellee, and none of them testified to the actual extra time put in by them, and no one pretends to testify that the time reported by these laborers to the bookkeeper for extra work was correct. With this situation, we do not feel that the evidence offered by the appellee supports its claim. Appellant waived his counterclaim in this court. Were we to hold that the certificate above referred to was not final, we would still be compelled to hold that the appellee was not entitled to recover, for want of sufficient evidence to support his claim.—*Reversed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.