ECLIPSE LUMBER COMPANY, Appellant, v. A. S. BITLER et al., Appellees.

No. 41115.

1314

March 8, 1932.

Wolfe, Wolfe & Claussen, for appellant.

Lee R. Harding and E. L. Miller, for appellees.

KINDIG, J.—But one question arises on this appeal: namely, whether a mechanic's lien held by the plaintiff-appellant, Eclipse Lumber Company, is inferior to a mortgage owned by the defendant-appellee, Fred Andresen.

On or about October 12, 1927, the appellant Lumber Company entered into an oral contract with the defendant-appellee, A. S. Bitler, to furnish him building materials to construct a house on certain real estate owned by the latter in Clinton. These building materials were delivered by appellant to the appellee, Bitler, between October 12, 1927, and March 23, 1928. During the progress of the work, and on December 1, 1927, the appellee Bitler, in accordance with the contract between him and the appellant, gave a mortgage on the premises to the defendant-appellee, Fred Andresen, for the purpose of securing a $4,000 loan. This $4000 was thus borrowed by Bitler from Andresen to pay, or partly pay, for constructing the house. The mortgage was recorded September 21, 1928. After the mortgage was given and the aforesaid materials for the house were being delivered, the appellee Bitler conveyed the aforesaid premises by deed to the appellee, George W. Brown.

Although the last of the said materials were delivered on the premises March 23, 1928, yet the appellant did not file his

statement for a mechanic's lien until August 23, 1928, approximately two months later than the ninety days of grace during which, under the statute, the principal contractor could perfect the mechanic's lien after the last labor or material was furnished. Appellant contends, however, that its mechanic's lien is superior to the mortgage held by the appellee, Andresen, because the mortgage was given while the materials were being furnished, and prays for judgment accordingly. See Wood v. Ball, 194 Iowa 50.

As said in the preliminary statement, the district court found the mortgage to be a superior lien, but established the appellant's mechanic's lien as prior to the rights of the appellees, Bitler and Brown. No objection is made by the appellant to any portion of the judgment and decree, except the part thereof which, as before explained, declares the mortgage superior to the mechanic's lien. Bitler and Brown do not appeal.

Andresen, the appellee, admits that the mechanic's lien would be superior to his mortgage were it not for appellant's waiver of such priority. In other words, it is contended by Andresen, the mortgagee, that the appellant waived the priority of its mechanic's lien and consented that the mortgage should be first at the time the contract for the materials was made with the owner, Bitler. That contract between Bitler and appellant, as before stated, was made on or about October 12, 1927. Bitler could not finance the construction of the house on a cash basis. Therefore, he applied to appellant for more liberal terms under which the project might be completed. Following those negotiations, it was orally agreed between appellant and Bitler that the materials would be furnished under the following concessions: First, a mortgage could be placed on the premises by Bitler with which to procure the money to pay for the materials aforesaid; or, second, the real estate could be sold by Bitler and the money obtained in that way with which to pay the appellant; and/ or, third, if neither a mortgage nor a sale were possible, then the appellant agreed to take a mortgage on house and lot for the amount due it. Consequently it is asserted by the mortgagee that the appellant thereby consented that the mechanic's lien should be inferior to the mortgage. To put the thought differently, it is claimed by the mortgagee that the appellant, through the aforesaid contract, waived the priority of its me-

chanic's lien. Generally speaking, "a waiver is the voluntary and intentional relinquishment of a known right, benefit, or advantage." Chicago, Northwestern Railway Co. v. Sedgwick, 203 Iowa 726 (local citation, 729).

See, also, In re Estate of Sarvey, 206 Iowa 527 (local citation, 532).

Did appellant waive the priority of his mechanic's lien so far as Andresen's mortgage is concerned? This is the only question involved.

One entitled to a mechanic's lien may waive his right thereto. By virtue of the statute, the taking of collateral security under certain conditions amounts, in effect, to a waiver of a mechanic's lien. Section 10272, 1931 Code. In that section is this provision:

"No person shall be entitled to a mechanic's lien who * * * during the progress of the work, shall take any collateral security on such contract (to furnish labor or material)."

Whether that statute applies to the facts in the case at bar, it is not necessary to decide. Regardless of the statute, however, the appellant may waive its mechanic's lien so far as Andresen's mortgage is concerned. Peatman v. Centerville Light, Heat & Power Co., 105 Iowa, 1 (local citation, 8); Van Dyck Heating & Plumbing Co. v. Central Iowa B. Co., 200 Iowa, 1003 (local citation 1004). The following language may be found on page 1004 of the Van Dyck case:

"A mechanic's lien is a right or privilege given to a contractor to protect himself against loss for material and labor furnished. It is wholly a creature of statute. We know of no reason, and none has been urged, which would prevent the contractor from waiving such a lien by contract, so as to be binding in a contest between the property owner and the original contractor."

See also Ponder v. Safety Building & Loan Co., 59 S. W. 858 (Ky.).

Although there may be a waiver of a mechanic's lien, yet the contract so stipulating must be clear, satisfactory, unambiguous, and free from doubt. All doubts must be resolved in favor of the lien. Van Dyck Heating & Plumbing Co. v. Central

Iowa B. Co., (200 Iowa 1003), supra; Carson-Payson Co. v. Cleveland C. C. & St. L. Railway Co., 105 N. E. 503 (Ind.); Masson v. Indiana Lighting Fixture Co., 100 N. E. 875 (Ind.); Concord Apartment House Co. v. O'Brien, 81 N. E. 1076 (Ill.); Davis v. LaCrosse Hospital Association, 99 N. W. 351 (Wis.); Carl Miller Lumber Co. v. Meyer, 196 N. W. 840 (Wis.).

While in the Van Dyck Case (200 Iowa 1003), supra, it is stated that the contract for waiver must be explicit, yet the word "explicit" was not there used as synonymous with "express." This conclusion is apparent when considering the portion of the opinion in question with the remainder thereof, and reading the cases cited in support of the rule. Webster's New International Dictionary indicates that explicit may mean: "Not obscure or ambiguous; * * * having no disguised meaning or reservation." Such definition of explicit thus expressed in the dictionary is in effect laid down as the basis for a waiver of a mechanic's lien in the cases cited in support of the Van Dyck case (200 Iowa 1003), supra. To illustrate, it is said in Davis v. LaCrosse Hospital Association (99 N. W. 351), supra, reading on page 352:

"A builder may waive his right to the lien remedy given by statute, and does so by agreeing not to exercise such right. * * * Such an agreement may be made by an express stipulation not to file a lien, * * * or in any other way clearly showing such to be the intention of the parties. But where the terms of a contract are ambiguous on the question, the doubt should be resolved against the waiver, since it should be presumed, in the absence of clear evidence to the contrary, that one has not disabled himself from the use of so valuable a privilege as that given by statute for the enforcement of a builder's rights * * *."

Likewise, it is said in Carson-Payson Co. v. Cleveland C. C. & St. L. Ry. Co. (105 N. E. 503) (Ind.), supra, reading on page 504:

"In order to constitute a waiver of a lien given by statute the contract must contain an express covenant against liens, or *the language of the contract must be such that a covenant against liens can be clearly implied therefrom.* The language upon this subject should not be ambiguous or uncertain * * *." (The italics are ours.)

If, then, the language of the contract purporting to waive the mechanic's lien is sufficiently explicit as to avoid ambiguity or doubt, and it clearly and satisfactorily indicates, by necessary implication, that there is a waiver, then the requirement has been met. Unless the implication of waiver contained in the contract is necessary, it cannot be said the right has been relinquished.

Hence, there still remains for consideration the question whether the contract in the case at bar meets the requirement for a waiver of the mechanic's lien above set forth. Before consideration is to be given to the contract, it is essential to consider certain facts and circumstances previous to the contract.

For almost ten years prior to the date of the contract in question, the appellant and the appellee Bitler had been dealing with each other. Bitler was engaged in the construction of buildings on vacant lots in Clinton, while appellant carried on a lumber and building material business at the same place. During that ten years of time Bitler purchased lumber and materials from the appellant with which to construct the various houses. Such lumber and material was thus furnished Bitler by the appellant on the following terms, generally speaking: First, a mortgage was placed upon the partly completed property by Bitler with which to procure funds to pay appellant; or, second, the property was sold and the proceeds thereby received by Bitler were by him turned over to appellant; and/or, third, in the event Bitler could not procure a mortgage or make a sale, a mortgage covering the property was given directly to the appellant. Sometimes the mortgages were placed or the sale made by Bitler to third persons before the building was commenced.

According to witnesses, the manager of the lumber company stated publicly that Bitler was permitted to borrow money on these properties and thereafter appellant expected him to deliver the proceeds of the loan to it. While on some of these houses separate accounts were kept for each particular job, yet there was also a general account which amounted to several thousands of dollars. If Bitler overpaid on one account, the balance would be applied on some other account, and so on. Consequently, on October 12, 1927, Bitler came to the manager of the appellant and again asked for terms on the aforesaid

building material desired similar to those previously granted. Again, as before, the appellant consented, and, according to the testimony of its manager, Bitler was told that he could have the building material under the same terms and conditions previously given him. Embraced within those terms and conditions was Bitler's privilege of borrowing money on the lot and partly completed house, and paying the same to the appellant. Bitler did so borrow $4,000 from the appellee Andresen, and part, at least, of that sum was actually paid to appellant. It is important to note that the agreement between appellant and Bitler did not require the mortgagee to deliver the money under the mortgage to the appellant; but rather than that, the agreement permitted the owner Bitler to procure the money through the mortgage, and after that was done, pay the same to appellant. In order for Bitler to procure a mortgage in the size contemplated, it was necessary, of course, for him to grant a prior lien to the mortgagee. While not expressed in so many words, yet by necessary implication the contract between Bitler and the appellant provided for a waiver of the mechanic's lien. Although appellant knew thereof, it made no objection to Bitler's mortgage to Andresen until Bitler finally was unable to pay appellant not only on the contract for this particular house, but on other agreements as well. When trouble first came between appellant and Bitler, there was no objection to the Andresen mortgage. The first move made by appellant after Bitler's default was to obtain additional security on various properties owned by Bitler. At no time during the operations under the contract in question did appellant rely upon or perfect its mechanic's lien on the property involved until long after the ninety days of grace permitted under the statute. By referring to the ninety-day period, we do not indicate that appellant is at a disadvantage here because he did not file the lien within the time. Our purpose in referring to the incident is to demonstrate that appellant did not rely upon the lien.

Finally appellant did file its statement for a mechanic's lien on this property, but that was five months after the last material had been furnished, and perhaps four months following its first quarrel with Bitler. Evidently the appellant did not intend to rely upon the lien until after that quarrel. Clearly, then, the appellant, through its contract with Bitler, intended,

desired, and provided that Bitler could borrow money through a first lien on the premises, and, after the money was thus procured, pay the same to appellant either on this or some other contract. No other construction can be placed upon the contract between the parties. Bitler could not obtain a loan in the amount contemplated, unless appellant waived the lien. That is undisputed, and, in fact, conceded. Obviously appellant did waive the lien under its contract with Bitler.

Necessarily, then, there is no ambiguity, uncertainty, unsatisfactoriness, or lack of clearness in the contract between Bitler and appellant wherein the latter waived its mechanic's lien. This conclusion is in harmony with the finding of the district court.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.