FULLERTON LUMBER COMPANY, Appellant, v. LAURA MILLER, Administratrix, et al., Appellees.

No. 42306.

FEBRUARY 13, 1934.

Milchrist, Schmidt, Marshall & Jepson, for appellant.

J. P. Shoup, for appellees.

ANDERSON, J.—This is an action to foreclose a mechanic's lien against the widow and heirs of Alfred Miller, deceased, and the Bankers Life Insurance Company of Lincoln, Nebraska, as owner of a mortgage on the lands sought to be made subject to the mechanic's lien. The defense was that the mechanic's lien was inferior to the rights of the Bankers Life Company as mortgagee, and inferior to the rights of the defendant Laura Miller, as the widow of Alfred Miller, deceased; and that the plaintiff-appellant had waived its right to assert a lien as against the said mortgagee and was estopped from claiming or enforcing such lien; and further, if the mortgagee's lien was not superior to the mechanic's lien, that the mortgagee was entitled to subrogation as to a prior mortgage on said lands which was paid and discharged with money received from the mortgagee, Bankers Life Insurance Company. The case was tried and submitted to the court, and the court made findings and orders determining that the plaintiff-appellant was entitled to its mechanic's lien as against the heirs of Alfred Miller, deceased, but not as against the Bankers Life Company, nor against the interest of the widow, Laura Miller. The court further specifically found:

"That plaintiff, as against the defendant, Bankers Life Insurance Company of Lincoln, Nebraska, has waived its priority of lien, and is now barred and estopped from claiming a priority over the lien of said defendant's mortgage, that in any event the said Bankers Life Insurance Company having paid off the prior mortgage of the Equitable Life Insurance Company of Iowa, after being assured by the plaintiff's agent that settlement had been made and it need not worry about a mechanic's lien upon the premises, would be entitled to be subrogated to the lien of said prior mortgage to the extent of their present mortgage and thereunder have a lien for the amount of their said mortgage prior and superior to the plaintiff's mechanic's lien; that the lien of the plaintiff herein would be and is subject to the claim for dower of the defendant, Laura Miller, widow of Alfred Miller, deceased, if she elects to claim dower in said estate."

From such finding, order, and decree, the plaintiff prosecutes this appeal.

The principal question on this appeal is one of fact, involving the questions as to the priority between the mechanic's lien claimed

by plaintiff, and the mortgage of the defendant Bankers Life Company, and also the priority of plaintiff's lien over the widow's dower interests.

Alfred Miller died in October, 1930, owning the real estate involved in this action. In April, 1930, prior to the death of Alfred Miller, he and his wife executed a mortgage to the Bankers Life Insurance Company for $10,000 upon the land involved. The money thus obtained, together with about $1,000 of other money, was used to pay and discharge a prior existing mortgage of approximately $11,000. Prior to this time the said Alfred Miller had entered into a contract with the Fullerton Lumber Company, plaintiff, for building material for a new house to be built upon the lands so mortgaged, and prior to the closing of the loan from the Bankers Life Company, and on April 24, 1930, a question arose as to the filing by plaintiff of a mechanic's lien against the property involved for the material furnished by plaintiff under the contract for the construction of the dwelling house. And it is claimed by the Bankers Life Insurance Company, and the evidence so shows, that one C. L. Roe, its agent, had a conversation with the plaintiff's agent and manager, as to what was being done about the payment of the building material that was being furnished for the construction of the new house. Roe, the agent of the Bankers Life Company, testified that he told the agent of the plaintiff that the insurance company was making a new loan on the Miller lands, and that they did not want any mechanic's liens filed, and that H. H. Elliot, the agent of the plaintiff, told him that the plaintiff would take a note or notes in settlement with Miller, and that the new mortgagee need not worry about mechanic's liens, that they had taken notes in settlement of the material bill. This conversation, as detailed by the witness Roe, was over the telephone. Elliot did not deny having the conversation. The fact that such conversation took place substantially as claimed by the witness Roe is corroborated by one C. O. McLaran, cashier of a bank in Climbing Hill, Iowa, who testified to having heard the Roe end of such conversation, and that prior to such telephone conversation the question of mechanic's lien was discussed by McLaran and the witness Roe. And following such conversation, the witness Roe called Elliot, plaintiff's agent, over the phone from McLaran's bank. After the conversation between the agent of the Bankers Life Company, Roe, and the agent of the plaintiff, Elliot, the loan of the Bankers Life

for $10,000 was completed and the prior mortgage of $11,000 was paid off and discharged. It is evident from the foregoing that prior to the consummation of the loan, the Bankers Life Company desired some assurance that its mortgage would not be subject to a mechanic's lien, which might be filed later by the plaintiff, and after the statement of the plaintiff's agent in reference to the filing of mechanic's liens, it did complete the loan and advance the $10,000 thereon. It is not reasonable to believe that the Bankers Life Company, being concerned about the filing of mechanic's liens, would have gone on and completed this loan and paid out $10,000, had it not been assured that no mechanic's liens would be filed, which would take priority over the lien of its mortgage. As we have indicated, the loan to the Bankers Life Company was completed on or about April 30, 1930. The plaintiff did not file its mechanic's lien statement until March 28, 1931. Its lien claim was for $1,989.31, and prior to the filing thereof, the plaintiff had filed its claim in the estate of Alfred Miller, for the amount of two notes that it had taken from Miller during his lifetime in settlement of its claim. It is apparent that, if the Bankers Life Company had not made the new mortgage for $10,000, the plaintiff's claim to a mechanic's lien would have been subject to the prior existing mortgage of $11,000. Yet, appellant claims that it should not be held to have waived its lien or to be estopped from asserting it, and that the Bankers Life Company should not be subrogated to the rights of the prior mortgage. We cannot agree with appellant's position. The case is in equity and appellant is claiming equitable rights which are not supported by the record, or by reason or authority.

In Blackman v. Carey, 192 Iowa 548, 185 N. W. 87, we held that:

"If a party to a contract or transaction induces another to act upon the reasonable belief that he will waive certain rights or terms, he will be estopped to insist upon such rights to the injury of him who is misled thereby. Carey had the right to believe that the strict performance of the contract would not be required, and under such circumstances no claim can be justly made on the part of either Lawson or the bank to have this mortgage enforced which in effect is a penalty or forfeiture. Equity requires that a person refrain from enforcing a claim which he has induced another to suppose he would not rely upon."

To the same effect, see Eclipse Lumber Company v. Bitler, 213 Iowa 1313, 241 N. W. 696, in which we said:

"At no time during the operations under the contract in question did appellant rely upon or perfect its mechanic's lien on the property involved until long after the ninety days of grace permitted under the statute. By referring to the ninety-day period, we do not indicate that appellant is at a disadvantage here because he did not file the lien within the time. Our purpose in referring to the incident is to demonstrate that appellant did not rely upon the lien. Finally, appellant did file its statement for a mechanic's lien on this property, but that was five months after the last material had been furnished, and perhaps four months following its first quarrel with Bitler. Evidently the appellant did not intend to rely upon the lien until after that quarrel."

In a Wisconsin case, Carl Miller Lumber Company v. Meyer, 183 Wis. 360, 196 N. W. 840, the court said:

"It is also true that a waiver (as to mechanic's lien) may be implied from facts and conduct or agreement of the parties which are inconsistent with the right to file a lien and which manifest an intention to waive the right."

In Hemmings v. Home Mutual Ins. Assn., 199 Iowa 1311, 203 N. W. 818, we said:

"Waiver is defined as an intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right."

In Browning v. Kannow, 202 Iowa 465, 210 N. W. 596, we said:

"Estoppel may arise from a failure to speak or assert rights on the part of one, when he knows, or has reasonable ground to believe, that another is about to act in reliance on his omission."

Without discussing the right of the Bankers Life Company to subrogation, we conclude that under the facts and circumstances in this case the plaintiff should be held to have waived its right to file its mechanic's lien, and that it should be estopped from so doing, and that the district court was right in its conclusion upon this branch of the case.

The only other question left for disposal is as to the plaintiff's right to a mechanic's lien as against the dower rights of the widow of the title holder. The mechanic's lien statement was not filed until after the death of the title holder. This question is squarely answered in the case of Stewart v. Whicher, 168 Iowa 269, 150 N. W. 64, where we said:

"But whether she is or is not a purchaser, it is clear that her dower right is, in a sense, an incumbrance, and, further, that under other provisions of the statute she is entitled to have it set off to her free from plaintiff's claim because her husband was vested with title while she was his wife and she had not relinquished her right, nor had she been divested of it by judicial sale or by any other method provided by law. * * * But after all, as to the widow's share, it is not so much a question as to whether it is an incumbrance, but whether, under the other provisions of the statute, she is entitled to have it set off to her free from debts. * * * We have here, then, a case where the deceased husband was, during the marriage and at his death, seized of all the real estate involved in this case; it had not been sold on execution or other judicial sale; the widow has not relinquished her right; the husband is dead. Her dower is not subject to his debts * * * It is our conclusion that plaintiff is not entitled to a mechanic's lien against the share of the widow."

The further contention of the appellant that the widow is not entitled to assert her claim as against the mechanic's lien for the reason that she has not elected to take her dower, is also answered in the Stewart case, where we said:

"There is some question between counsel as to whether her distributive share has been set off to her. * * * Whether it has been set off is not very material, for, as we shall see, if it has been set off she is entitled to it free from plaintiff's claim for mechanics' lien, and if not already done she is yet entitled in equity to have it so set off."

Under section 11994 of the Code, the widow has ten years in which to ask to have her dower set apart.

We conclude that there is no merit to this contention of appellant.

It is our conclusion that the finding and decree of the trial

636

court is supported by the record and the law of this state, and an affirmance necessarily follows.—Affirmed.

CLAUSSEN, C. J., and KINDIG, EVANS, MITCHELL, KINTZINGER, and STEVENS, JJ., concur.